## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA FEENSTRA; SHARONICA CARTER; and LONNIE FEENSTRA | |
| Plaintiffs, | **Case No.: 19-cv-234-GKF-FHM** |
| v. | **(Removed from Washington County Case No. CV-2019-12)** |
| JARED SIGLER, Special Judge of the District Court of Washington County, in his official capacity*, et al.,* | |
| Defendants. | |

## DEFENDANT'S ANSWER

Defendants State of Oklahoma ex. rel. Oklahoma Indigent Defense System, the State of Oklahoma Indigent Defense System, and the State of Oklahoma Indigent Defense System Board of Directors, and Craig Sutter, Executive Director of Oklahoma Indigent Defense System (hereinafter individually named or referred to collectively as "Defendants"), and provide the following Answer denying all allegations of fact and conclusions of law contained in Plaintiff's Petition[1] [Doc. 3-1] unless specifically admitted herein. Defendants further demand strict proof thereof of each and every allegation not specifically admitted. Defendants specifically Answer as follows:

---

[1] Plaintiffs initially filed a Petition in Oklahoma State Court, Washington County.

1.      Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Petition.

2.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 2 of Plaintiff's Petition, therefore they are denied.

3.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 3 of Plaintiff's Petition, therefore they are denied.

4.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 4 of Plaintiff's Petition, therefore they are denied.

5.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 5 of Plaintiff's Petition, therefore they are denied.

6.      Defendants admit that Oklahoma Statutes, Title 22, Chapter 18, Rules 8.1-8.8 address the fines, costs, and fees in criminal matters as alleged in paragraphs 6, 7, 8, & 9 of Plaintiffs' Petition.  To the extent

paragraphs 6, 7, 8, & 9 are viewed or intended to have any allegations about these Defendants' conduct in this matter, those allegations are denied.

7.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 10 of Plaintiff's Petition, therefore they are denied.

8.      Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Petition.

9.      Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Petition.

10.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 13 of Plaintiff's Petition, therefore they are denied.

11.     Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Petition.

12.     Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Petition.

13.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 16 of Plaintiff's Petition, therefore they are denied.

## JURISDICTION AND VENUE

14.      Paragraphs 17, 18, & 19 of Plaintiffs' Petition are jurisdictional and venue related.  Defendants removed the case to Federal Court. Should these paragraphs be intended or viewed as having any substantive allegations against these Defendants, they are denied.

## PARTIES

15.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 20 of Plaintiff's Petition, therefore they are denied.

16.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 21 of Plaintiff's Petition, therefore they are denied.

17.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 22 of Plaintiff's Petition, therefore they are denied.

18.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 23 of Plaintiff's Petition, therefore they are denied.

19.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 24 of Plaintiff's Petition, therefore they are denied.

20.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 25 of Plaintiff's Petition, therefore they are denied.

21.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 26 of Plaintiff's Petition, therefore they are denied.

22.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 27 of Plaintiff's Petition, therefore they are denied.

23.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 28 of Plaintiff's Petition, therefore they are denied.

24.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 29 of Plaintiff's Petition, therefore they are denied.

25.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 30 of Plaintiff's Petition, therefore they are denied.

26.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 31 of Plaintiff's Petition, therefore they are denied.

27.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 32 of Plaintiff's Petition, therefore they are denied.

28.     Defendants admit the allegations contained within paragraph 33 of Plaintiffs' Petition to the extent they outline the statutory authority for the creation of OIDS.  Defendants deny any implication or allegation contained within paragraph 33 of Plaintiffs' Petition that OIDS violated the Constitutional rights of any Plaintiff.

29.     Paragraph 34 of Plaintiffs' Petition contains multiple allegations and factual assertions.  Defendants admit it provides independent attorneys for indigent criminal defendants in Washington County. Defendants deny that the implementation of the statutorily required contractual provisions create any incentives for the independent attorneys to violate the Plaintiffs' Constitutional rights. Defendants had no attorney client relationship with any Plaintiff and deny any assertion otherwise.  Defendants deny that Plaintiffs independent counsel had any type of conflict impacting the representation of Plaintiffs. Defendants deny that they participated in any violation of the Plaintiffs' rights.

30.      Paragraph 35 of Plaintiffs' Petition contains multiple factual assertions.  Defendants deny they had any attorney client relationship with any Plaintiff.  Defendants deny that the application of the statutorily required contractual structure infringed on Plaintiffs rights in any way.

## FACTUAL BACKGROUND

31.      Defendants deny that they had an attorney client relationship with Plaintiffs.  As a result, these Defendants had no duty to advise Plaintiffs of anything as alleged in the opening to subpart I.

32.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 36 of Plaintiff's Petition, therefore they are denied.

33.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 37 of Plaintiff's Petition, therefore they are denied.

34.      Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 38 of Plaintiff's Petition, therefore they are denied.

35.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 39 of Plaintiff's Petition, therefore they are denied.

36.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 40 of Plaintiff's Petition, therefore they are denied.

37.     Defendants deny that they had an attorney client relationship with Plaintiffs.  As a result, these Defendants had no duty to advise Plaintiffs of anything as alleged in the opening to subpart II.

38.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 41 of Plaintiff's Petition, therefore they are denied.

39.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 42 of Plaintiff's Petition, therefore they are denied.

40.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 43 of Plaintiff's Petition, therefore they are denied.

41.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 44 of Plaintiff's Petition, therefore they are denied.

42.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 45 of Plaintiff's Petition, therefore they are denied.

43.     Defendants deny that they had an attorney client relationship with Plaintiffs.  As a result, these Defendants had no duty to advise Plaintiffs of anything as alleged in the opening to subpart III.

44.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 46 of Plaintiff's Petition, therefore they are denied.

45.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 47 of Plaintiff's Petition, therefore they are denied.

46.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 48 of Plaintiff's Petition, therefore they are denied.

47.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 49 of Plaintiff's Petition, therefore they are denied.

48.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 50 of Plaintiff's Petition, therefore they are denied.

## CAUSES OF ACTION

## COUNT ONE: FAILURE TO PROVIDE NOTICE AND AN OPPORTUNITY TO BE HEARD PRIOR TO ARREST AND DETENTION

### in violation of the Due Process clause of Fourteenth Amendment to the United States Constitution and 42 U.S.C. 1983 (against Defendant Sigler)

49.     Defendants incorporate all previous admissions and denials previously made as to all prior allegations as if fully set forth herein.

50.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 52 of Plaintiff's Petition, therefore they are denied.

51.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 53 of Plaintiff's Petition, therefore they are denied.

52.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 54 of Plaintiff's Petition, therefore they are denied.

53.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 55 of Plaintiff's Petition, therefore they are denied.

## COUNT TWO: PUNISHMENT SOLELY ON THE BAIS OF POVERTY

### in violation of the Due Process and Equal Protection Clauses of the United States Constitution and 42 U.S.C. 1983 (against Defendant Sigler and DeLapp)

54.     Defendants incorporate all previous admissions and denials previously made as to all prior allegations as if fully set forth herein.

55.     Paragraph 57 of Plaintiffs' Petition states a legal conclusion and a quote from a United States Supreme Court opinion.  To the extent this paragraph attempts to allege any improper action by these Defendants, same is denied.

56.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 58 of Plaintiff's Petition, therefore they are denied.

57.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 59 of Plaintiff's Petition, therefore they are denied.

58.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 60 of Plaintiff's Petition, therefore they are denied.

59.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 61 of Plaintiff's Petition, therefore they are denied.

60.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 62 of Plaintiff's Petition, therefore they are denied.

## COUNT THREE: DENIAL OF RIGHT TO COUNSEL

**in violation of the assistance of counsel clause of the Sixth Amendment to the United States Constitution  and Due Process Clauses of the United States Constitution and 42 U.S.C. 1983 (against OIDS Defendants)**

61.     Defendants incorporate all previous admissions and denials previously made as to all prior allegations as if fully set forth herein.

62.     Paragraphs 64 & 65 of Plaintiffs' Petition states a legal conclusion and quotes from United States Supreme Court opinions.  To the extent this paragraph attempts to allege any improper action by these Defendants, same is denied.  Defendants deny they had an attorney client relationship with Plaintiffs.  Defendants deny they had any duty to advise Plaintiffs of anything.

63.     Paragraph 66 of Plaintiffs' Petition correctly quotes that portion of Oklahoma law.  Defendants deny they had an attorney client relationship with Plaintiffs.  Defendants deny they had any duty to advise Plaintiffs of anything.

64.     Defendants deny the allegations contained within paragraph 67 of Plaintiffs' Petition. Defendants deny they had an attorney client relationship with Plaintiffs.  Defendants deny they had any duty to advise Plaintiffs of anything.

65.     Defendants deny the allegations contained within paragraph 68 of Plaintiffs' Petition. Defendants deny they had an attorney client relationship with Plaintiffs.  Defendants deny they had any duty to advise Plaintiffs of anything.

66.     Defendants deny the allegations contained within paragraph 69 of Plaintiffs' Petition. Defendants deny they had an attorney client relationship with Plaintiffs.  Defendants deny they had any duty to advise Plaintiffs of anything.

67.     Defendants deny the allegations contained within paragraph 70 of Plaintiffs' Petition. Defendants deny they had an attorney client relationship with Plaintiffs.  Defendants deny they had any duty to advise Plaintiffs of anything.

68.     Defendants deny the allegations contained within paragraph 71 of Plaintiffs' Petition. Defendants deny they had an attorney client relationship with Plaintiffs.  Defendants deny they had any duty to advise Plaintiffs of anything.

69.     Defendants deny the allegations contained within paragraph 72 of Plaintiffs' Petition. Defendants deny they had an attorney client relationship with Plaintiffs.  Defendants deny they had any duty to advise Plaintiffs of anything.

## COUNT FOUR: DENIAL OF DUE PROCESS

### in violation Article 2, section 7 of the Oklahoma Constitution (against Defendants Sigler and Delapp)

70.     Defendants incorporate all previous admissions and denials previously made as to all prior allegations as if fully set forth herein.

71.     Paragraph 74 of Plaintiff's Petition merely quotes Article 2, section 7 of the Oklahoma Constitution.

72.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 75 of Plaintiff's Petition, therefore they are denied.

## COUNT FIVE: FAILURE TO PROVIDE RELIEF DUE TO POVERTY AND DISABILITY

### in violation Oklahoma Statutes, Title 22, Chapter 18, Rule 8.5 (against Defendants Sigler and Delapp)

73.     Defendants incorporate all previous admissions and denials previously made as to all prior allegations as if fully set forth herein.

74.     Paragraph 77 of Plaintiffs' Petition merely quotes Rule 8.5.

75.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 78 of Plaintiff's Petition, therefore they are denied.

76.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 79 of Plaintiff's Petition, therefore they are denied.

## COUNT SIX : FAILURE TO CONDUCT ABILITY TO PAY HEARING PRIOR TO INCARCERATION FOR NONPAYMENT

### in violation Oklahoma Statutes, Title 22, Chapter 18, Rule 8.4 (against Defendants Sigler and Delapp)

77.     Defendants incorporate all previous admissions and denials previously made as to all prior allegations as if fully set forth herein.

78.     Paragraph 81 of Plaintiffs' Petition merely quotes Rule 8.4.

79.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 82 of Plaintiff's Petition, therefore they are denied.

15

80.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 83 of Plaintiff's Petition, therefore they are denied.

81.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 84 of Plaintiff's Petition, therefore they are denied.

## COUNT SEVEN: FAILURE TO CONDUCT ABILITY TO PAY HEARINGS AT JUDGMENT AND SENTENCING

### in violation Oklahoma Statutes, Title 22, Chapter 18, Rule 8.1 (against Defendants Gerkin, Delapp, and Sigler)

82.     Defendants incorporate all previous admissions and denials previously made as to all prior allegations as if fully set forth herein.

83.     Paragraph 86 of Plaintiffs' Petition merely quotes the Oklahoma Constitution.

84.     Paragraph 87 of Plaintiffs' Petition merely quotes Rule 8.1.

85.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 88 of Plaintiff's Petition, therefore they are denied.

86.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 89 of Plaintiff's Petition, therefore they are denied.

87.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 90 of Plaintiff's Petition, therefore they are denied.

88.     Defendants are without the requisite information or knowledge to admit or deny the allegations contained in paragraph 91 of Plaintiff's Petition, therefore they are denied.

## PRAYER FOR RELIEF

89.     Defendants deny Plaintiffs are entitled to any relief under the allegations made.

## AFFIRMATIVE DEFENSES

90.     Defendants complied with all applicable Oklahoma and Federal laws, regulations, and Constitutional provisions.

91.     Plaintiffs lack standing.

92.     Plaintiffs' claims are time barred.

93.     Plaintiffs have alternate, adequate remedies at law.

94.     The Sixth Amendment does not require counsel at post conviction Rule 8, et. seq., type hearings.

95.     OIDS contracts are drafted in accordance with Oklahoma law.

96.     Any Constitutional violation was committed by an entity or person over which OIDS had no control.

97.     Plaintiffs' claims are barred by the Oklahoma Governmental Tort
Claims Act.

98.     An adequate remedy at law exists for Plaintiffs.

99.     As discovery is ongoing, Defendants specifically reserve the right
to amend this list of Affirmative Defenses as this case progresses.

WHEREFORE, premises considered, Defendants State of Oklahoma ex.
rel. Oklahoma Indigent Defense System, the State of Oklahoma Indigent
Defense System, and the State of Oklahoma Indigent Defense System Board
of Directors, and Craig Sutter, Executive Director of Oklahoma Indigent
Defense System, by and through counsel of record, respectfully request this
Court deny Plaintiffs relief, and dismiss this matter, along with any other
relief deemed just and proper.

Respectfully submitted,

s/Jon Williford
**Jon Williford, OBA #19598**
Assistant Attorney General
Oklahoma Attorney General's
Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: 405.521.3921
Facsimile: 405.521.4518
Email: jon.williford@oag.ok.gov
*Attorney for Defendant OIDS*

## <u>CERTIFICATE OF MAILING</u>

     This is to certify that on this 26th day of November, 2019, a true and correct copy of the above and forgoing was filed with the Court's CM/ECF system and electronically served on all counsel entering an appearance in the case and has registered to receive service by electronic means.

<u>/s/ Jon Williford</u>
Jon Williford
