```
 1           IN THE UNITED STATES DISTRICT COURT FOR THE

 2                 NORTHERN DISTRICT OF OKLAHOMA

 3     AMANDA FEENSTRA, et al.,

 4            Plaintiff,

 5     VS.                                Case Number
                                          19-cv-234-JFH-FHM
 6     JARED SIGLER, et al.,

 7            Defendants.

 8
       WEB CONFERENCE DEPOSITION OF WARREN CRAIG SUTTER
 9              TAKEN ON BEHALF OF THE PLAINTIFF
         ON NOVEMBER 11, 2020, BEGINNING AT 9:03 A.M.
10                    IN EDMOND, OKLAHOMA
                     (LOCATION OF REPORTER)
11
                         APPEARANCES:
12
     On behalf of the Plaintiffs:
13
     MS. ALYSHA NAIK                              (via Zoom)
14   MR. MICHAEL LACOVARA                         (via Zoom)
     LATHAM WATKINS
15   885 Third Avenue
     New York, New York  10022
16   212.906.1605
     alysha.naik@lw.com
17   michael.lacovara@lw.com

18   On behalf of the OIDS Defendants:

19   MR. JON M. WILLIFORD                         (via Zoom)
     OKLAHOMA ATTORNEY GENERAL
20   313 NE 21st Street
     Oklahoma City, OK  73105
21   405.522.2944
     jon.williford@oag.ok.gov
22


23


24          (Appearances continued on page 2)

25       Reported by:  Cheryl D. Rylant, CSR, RPR
```

Professional Reporters
800.376.1006
www.proreporters.com

Exhibit 6

Page 26

1 representation would include a discussion about the
2 relevant facts and conduct at issue; correct?
3     A. Yes.
4     Q. A discussion about potential custodial
5 sentences or probation; correct?
6     A. Yes.
7     Q. A discussion about the risk of going to trial
8 versus accepting a plea; correct?
9     A. Yes.
10    Q. Including any discussion that a plea could
11 forfeit rights to an appeal; correct?
12    A. Yes.
13    Q. A discussion about the potential fines that
14 could be imposed by entering the plea agreement;
15 correct?
16    A. Yes.
17    Q. A discussion about court fees and costs that
18 could be imposed; correct?
19    A. Yes.
20    Q. A discussion about the ability to pay those
21 fines, fees, and costs?
22    A. Yes.
23    Q. And, as you mentioned earlier, you'd agree
24 that the contract attorney's representation would
25 include being present at sentencing; correct?

Page 27

1     A. Yes.
2     Q. And when a judgment is entered?
3     A. That is correct.
4     Q. Do you expect OIDS counsel to be present when
5 a judge makes the required finding under Rule 8.1?
6     A. Since that often occurs after sentencing, no.
7 We maintain and have maintained, certainly since I've
8 been here, that that -- well, that the case, at that
9 juncture, is resolved. Judgment and sentence has
10 been entered. The individual is no longer facing
11 charges. The criminal case has been resolved. And
12 at that point, it's a collection action that's civil
13 or quasi civil in nature, and we don't have the
14 resources to appear at those hearings.
15    Q. I'd like to turn to the text of Rule 8.1. Do
16 you have that in front of you?
17    A. Hang on a second. Yes, I do.
18    Q. If we could turn -- do you see here, this
19 document, it's Section 8, "Procedures Relating to
20 District and Municipal Courts, Relating to
21 Imprisonment of Nonpayment of Fines and Costs."
22     Do you see that?
23    A. Yes.
24       MS. NAIK: Cheryl, if we could please mark
25 this as the next exhibit.

Page 28

1       THE REPORTER: Number 2?
2       MS. NAIK: I think this is the third
3 document that I've used.
4       THE REPORTER: Oh, okay. The --
5       MR. WILLIFORD: Alysha, I don't -- Alysha,
6 I don't know. Maybe we can go back and somebody else
7 may be able to correct me -- I don't think you marked
8 the contract as an exhibit. If you want to go back
9 and make that 2, then we can make this 3. Or however
10 you want to do that. I don't remember you actually
11 marking that one. So...
12       MS. NAIK: Okay. That's good. Yeah, that
13 sounds good to me. Thanks, Jon.
14       Cheryl, if we could mark the sample contract
15 as Exhibit 2, and then mark Rule 8 here as Exhibit 3.
16       (Whereupon, Deposition Exhibit Nos. 2 and 3
17 were marked for identification and made part of the
18 record.)
19 BY MS. NAIK:
20    Q. Mr. Sutter, do you see the text of Rule 8.1
21 at the top there?
22    A. Yes, I do.
23    Q. Now, it says there:
24       "When the judgment and sentence of a
25    court, either in whole or in part, imposes a

Page 29

1    fine and/or costs upon a defendant, a
2    judicial hearing shall be conducted and
3    judicial determination made as to the
4    defendant's ability to immediately satisfy
5    the fines and costs."
6     Do you see that?
7    A. Yes.
8    Q. You'd agree that in using the words "a
9 judicial hearing shall be conducted and judicial
10 determination made," that such a judicial
11 determination is mandatory; correct?
12    A. According to the rule, that is correct.
13    Q. And, as we discussed earlier, you would
14 expect a contract attorney's representation to
15 include a discussion about potential fines, fees, and
16 costs; correct?
17    A. Yes. Yes.
18    Q. So, in a contract attorney's representation,
19 then, when an indigent defendant is entering a plea,
20 would ensure that either the judge makes this
21 mandatory judicial determination under Rule 8.1 or
22 that a client has knowingly waived his rights;
23 correct?
24    A. Not entirely correct.
25       MR. WILLIFORD: Hold on, hold on, hold on.