# EXHIBIT 7

```
1              IN THE UNITED STATES DISTRICT COURT

2             FOR THE NORTHERN DISTRICT OF OKLAHOMA

3    AMANDA FEENSTRA and
     SHARONICA CARTER, et al.,
4         Plaintiff,

5    vs.                           No. 19-CV-JFH-FHM

6    JARED SIGLER, et al.,
          Defendants.
7

8         VIDEOTAPED DEPOSITION OF HALEE LAWRENCE
             TAKEN ON BEHALF OF THE PLAINTIFFS
9      ON JANUARY 12, 2021, BEGINNING AT 10:02 A.M. CST
                        VIA ZOOM
10

11                      APPEARANCES:

12   Appearing on behalf of the PLAINTIFF:

13   Lilia Vazova (Via Zoom)
     Sid Nadkarni (Via Zoom)
14   LATHAM WATKINS
     885 Third Avenue
15   New York, New York 10022
     (212) 906-1605
16   lilia.vazova@lw.com
     sid.nadkarni@lw.com
17

18   Appearing on behalf of the OIDS DEFENDANTS:

19
     Jon Williford (Via Zoom)
20   OKLAHOMA ATTORNEY GENERAL
     313 Northeast 21st Street
21   Oklahoma City, Oklahoma 73105
     (405) 522-2944
22   jon.williford@aog.ok.gov

23      (Appearances continued on the following page.)

24   VIDEOTAPED BY:  Stesha Snow

25   REPORTED BY:  Lacy Antle, CSR, RPR
```

```
 1    Appearances continued:

 2    Appearing on behalf of the DEFENDANT STATE JUDGES:

 3    Devan Pederson   (Via Zoom)
      Stefanie Lawson  (Via Zoom)
 4    OKLAHOMA ATTORNEY GENERAL
      313 Northeast 21st Street
 5    Oklahoma City, Oklahoma 73105
      (405) 522-2931
 6    devan.pederson@aog.ok.gov

 7    Appearing on behalf of WASHINGTON COUNTY and the
      WITNESS:
 8
      Ashley Kane      (Via Zoom)
 9    DISTRICT ATTORNEY'S OFFICE
      WASHINGTON COUNTY JUDICIAL DISTRICT 1
10    420 S. Johnstone Ave., Ste. 201
      Bartlesville, Oklahoma 74003
11    (918) 440-9991
      ashley.kane@dac.state.ok.us
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Halee Lawrence   10/12/2021

```
 1                        CONTENTS

 2                                         PAGE

 3    Direct Examination by Mr. Nadkarni      5

 4    Cross-Examination by Mr. Pederson       32

 5

 6

 7

 8                        EXHIBITS

 9    Exhibit                              Page

10    1 Court Clerk Employee List 2011 to Present    11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      STIPULATIONS

 2

 3          It is hereby stipulated and agreed by and

 4   between the parties hereto, through their respective

 5   attorneys, that the deposition of HALEE LAWRENCE may

 6   be taken pursuant to notice and in accordance with

 7   the Federal Rules of Civil Procedure on JANUARY 12,

 8   2021, via Zoom, before Lacy Antle, CSR, RPR.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              THE VIDEOGRAPHER:  This is the videotaped

 2   deposition of Halee Lawrence taken in the matter of

 3   Feenstra, et al. versus Sigler, et al. filed in the

 4   United States District for the Northern District of

 5   Oklahoma, Case Number 19-CV-234-JFH-FHM.

 6              This deposition is being held on

 7   January 12th, 2021, and we are on the record at

 8   10:02 a.m.

 9              Will counsel please state their

10   appearances for the record.

11              MR. NADKARNI:  Hi, this is Sid Nadkarni, I

12   am with Latham and Watkins, LLP representing

13   plaintiffs Amanda Feenstra and Sharonica Carter and

14   I'm joined by my colleague, Lilia Vazova.

15              MR. PEDERSON:  Devan Pederson -- oops.

16   Sorry about that.

17              MS. LAWSON:  Stefanie Lawson also for the

18   defendant state judges.

19              MS. KANE:  Ashley Kane for Washington

20   County and Halee Lawrence.

21              MR. WILLIFORD:  And Jon Williford for the

22   Oklahoma Indigent Defense System and Craig Sutter

23   and the OIDS board.

24   WHEREUPON,

25                      HALEE LAWRENCE,
```



1   after having been first duly sworn, deposes and

2   says in reply to the questions propounded as

3   follows, to-wit:

4                    DIRECT EXAMINATION

5   BY MR. NADKARNI:

6        Q    All right.  If we can begin.

7   Ms. Lawrence, I represent the plaintiffs, Amanda

8   Feenstra and Sharonica Carter, in this matter, which

9   relates to the manner in which their fines, fees and

10  court costs for crimes they were convicted of in

11  Washington County were assessed and later enforced

12  by the defendants.  And you are here because you

13  were designated by the court clerk's office to

14  testify in response to a subpoena to the court

15  clerk, correct?

16                 MS. KANE:  We object to that.  I think

17  that she was subpoenaed, but she was not chosen from

18  the court clerk's office to be the designated

19  person, she just received the subpoena from the

20  plaintiff in this case.

21       Q    (BY MR. NADKARNI) Okay.  No problems.  Do

22  you know who designated you to testify?

23       A    Pardon?

24       Q    Does the deponent know who designated her

25  to testify today?



```
 1            MS. KANE:  She received a subpoena to
 2    testify today.
 3            MR. PEDERSON:  Sid, I think that we got
 4    that -- this is Devan.  We got that subpoena
 5    originally and Ms. Powell testified, and then I
 6    think you guys specifically asked for Ms. Lawrence
 7    by name, that's my recollection, just to see if that
 8    helps.
 9            MR. NADKARNI:  Sure, no problem, just
10    wanted to make sure we were clear.
11       Q   (BY MR. NADKARNI) So, Ms. Lawrence, before
12    we begin, I'd just like to provide a few ground
13    rules to make sure everything goes off smoothly.  So
14    I'll be asking you some questions relating to this
15    matter and you're obligated to answer the questions
16    to the best of your knowledge.  But if you don't
17    understand anything, please ask me to clarify.  If
18    you don't ask me to clarify, I will assume that you
19    understood the question, is that fair?
20       A   Yes.
21       Q   And Ms. Kane is representing you as
22    counsel today, right?
23       A   Yes.
24       Q   So Ms. Lawrence, Ms. Kane may object, but
25    you're obligated to answer as long as you understand
```



Halee Lawrence   10/12/2021

1    the question unless she instructs you not to answer.

2    Does that all make sense?

3         A    Yes.

4         Q    And for the benefit of the court reporter,

5    please, for each question I ask, provide a verbal

6    response, rather than a nod or gesture.  Does that

7    work?

8         A    Yes.

9         Q    And also, for the benefit of the court

10   reporter, please wait for me to finish my question,

11   if I'm in the middle of asking it, and in return,

12   I'll wait for you to finish your response, that way

13   the reporter can record everything we say clearly.

14   Does that work?

15        A    Yes.

16        Q    Great.  Is there any reason you cannot

17   provide complete and accurate responses to my

18   questions?

19        A    No.

20        Q    Perfect.  And finally, you may request a

21   break at any time, so just let me know if you need

22   to take a break for any reason.  My only request is

23   that if we're in the middle of a question, please

24   finish answering the question before we break.

25        A    Okay.



```
1        Q    So, Ms. Lawrence, have you ever had your
2   deposition taken before?
3        A    No.
4        Q    And did you do anything to prepare for
5   this deposition?
6        A    No.
7        Q    Did you review any documents?
8        A    No.
9        Q    And did you bring anything with you?
10       A    Just documents that were provided this
11  morning.
12       Q    And if I may ask you or perhaps Ms. Kane,
13  are those all documents that have been produced to
14  the plaintiffs in this matter?
15            MS. KANE:  The documents are the ones that
16  you sent us this morning.
17            MR. NADKARNI:  Okay.  Great.  The
18  documents that we may cover with Ms. Lawrence today?
19            MS. KANE:  Yes, that's correct.
20       Q    (BY MR. NADKARNI) And, Ms. Lawrence, did
21  you meet with or speak to Ms. Kane or any other
22  attorney representing you in connection with
23  preparing for this deposition?
24       A    Just right before.
25       Q    Did -- did you meet with or speak to
```



```
 1   Mr. Pederson at all?
 2        A    While we were in the room waiting.
 3        Q    But never -- but never before?
 4        A    No.
 5        Q    And same question with respects to
 6   Mr. Williford, have you ever met or spoken with
 7   Mr. Williford before?
 8        A    No, I don't know who he is.
 9        Q    And same question with respects to
10   Ms. Lawson, have you ever met or spoken to her
11   before?
12        A    No.
13        Q    And in connection with this matter, have
14   you spoken to any other attorneys who have told you
15   that they're representing any defendants in this
16   case?
17        A    No.
18        Q    And have you met with or spoken to any
19   attorneys who tell you that they're representing the
20   Oklahoma Board of -- the Oklahoma Indigent Board of
21   Directors in this case?
22        A    No.
23        Q    Great.  So, Ms. Lawrence, I'd like to
24   first begin by talking a little bit about your work
25   history with the district court clerk's office, and
```

```
 1    I'll -- I'll share my screen and cover a document
 2    that we received from the court clerk.
 3            This will be tab one in the documents that
 4    were provided.  And can everyone see that tab now?
 5    It should say court clerk employee list from 2011 to
 6    present at the top.
 7        A    Yes.
 8            MR. NADKARNI:  Lacy, if you could, please,
 9    if you could mark this as -- this document as
10    Exhibit 1 in the tabs that I sent to you.
11            (Exhibit 1 marked for identification.)
12        Q    (BY MR. NADKARNI)  Ms. Lawrence, can you
13    locate your name in this -- in this list provided by
14    the court clerk's office?
15        A    Yes.
16        Q    And if you can briefly check the
17    description next to your name regarding the start
18    dates, end dates and titles, does -- does this
19    document correctly reflect the dates of your
20    employment at the court clerk's office?
21        A    Yes.
22        Q    And does it correctly reflect the titles
23    you've held at the court clerk's office?
24        A    Yes.
25        Q    And, Ms. Lawrence, are all of these titles
```

```
 1    your current titles at work?

 2        A    Yes.

 3        Q    And did you ever hold any other positions

 4    at the court clerk's office, aside from the ones

 5    listed here?

 6        A    No.

 7        Q    And, Ms. Lawrence, when did you begin

 8    serving as a minute clerk?

 9        A    In August of 2012, whenever I started.

10        Q    And did you ever serve as a minute clerk

11    for Judge DeLapp?

12        A    No.

13        Q    Did you ever serve as a minute clerk for

14    Judge Thomas?

15        A    Currently do.

16        Q    Did you ever serve as a minute clerk for

17    any other district court judges?

18        A    Not specifically.  I would fill in, if

19    needed.

20        Q    But in terms of any judges that you serve

21    for as a full-time minute clerk, were there any

22    judges that fit that description?

23        A    Judge Vaclaw.

24        Q    Just Judge Vaclaw?

25        A    Judge Vaclaw and Judge Thomas.
```



```
 1        Q    Okay.  Was -- and was Judge Vaclaw, since

 2   you started in 2012?

 3        A    Yes.

 4        Q    And do you recall when you started serving

 5   as a minute clerk for Judge Thomas?

 6        A    In January of 2019, she took the bench.

 7        Q    And, Ms. Lawrence, as minute clerk, what

 8   are your responsibilities?

 9        A    I take notes in court and then I go down

10   and put them on the KellPro software, I take care of

11   documents that are provided to me in court, take

12   them downstairs and file them as well.

13        Q    Thank you.  Just a few follow-up questions

14   on that.  The notes that you take in court, what --

15   what sort of court hearings do you sit in on?

16        A    Divorce, criminal, civil, mental health.

17        Q    Do you sit in sentencing hearings in

18   criminal cases?

19        A    Few and far between, but, yes.

20        Q    Do you sit in plea hearings in criminal

21   cases?

22        A    Few, but yes.

23        Q    And when you say that you enter what

24   happened into the KellPro software, could you just

25   explain in a little more detail how that works?  Do
```



1    you have notes that you take at -- at the hearing

2    that you then enter into a computer?

3         A    Yes.

4         Q    And the KellPro software, is -- is that

5    entering word for word what happened into -- into

6    the computer or are there just specific pieces of

7    information that you're asked to enter?

8         A    Just specific pieces of information, it's

9    not word for word.

10        Q    Do you recall what -- what sorts of

11   information, specifically in -- in criminal

12   sentencings?

13        A    Who was there, we have specific things

14   that we have to listen for, like whether they're

15   sworn and, you know, whether everything -- the

16   information is correct, what they're -- what the

17   actual sentence is and then that, you know, that

18   they're advised of their appeal rights and their

19   date to come back, if they have a date to come back,

20   and they're advised of their Rule 8 rights.

21        Q    And with respect to -- to what their

22   sentence is, is -- am I understanding that this is

23   what -- what they -- what the judge declares their

24   sentence is when they -- when they sentence them on

25   the record?



```
 1      A    Most of the sentences I do, the -- any of
 2   them that we do, they're mainly plea offers or plea
 3   deals that are worked out between the DA and the --
 4   and the defense counsel and the defendant.  Very
 5   rarely do we just do a -- I don't know that I've
 6   ever done just a court sentencing.
 7      Q    Sure.  I'm just trying to get at
 8   specifically where the description of a sentence
 9   comes from.  Is that based on what the judge says in
10   court or is that based on a separate document that
11   you have?
12      A    It's -- usually it's based on the plea of
13   guilty summary of facts that's prepared by the
14   district attorney and the defense and the defendant.
15      Q    Okay.  So -- so you look at the plea of
16   guilty summary of facts form and then -- and then
17   you enter that into the Kell -- or you enter the
18   information contained on that into the KellPro
19   system?
20      A    Yes.
21      Q    And, Ms. Lawrence, do you do any work with
22   respects to cost -- court costs or court fee
23   calculations for recently sentenced criminal
24   defendants?
25      A    The -- the costs are already in the -- in
```



Halee Lawrence                          1/12/2021                          16

1   the KellPro system whenever the case is filed.  The

2   only thing I would add to it would be the fees

3   and -- or the fine and the VCA that's assessed in

4   court or any other fee that's assessed in court.

5        Q    Sure.  Let me clarify.  Do you -- do you

6   hand defendants or fill out for the defendants

7   any -- any documents that list their costs of fees?

8        A    Yes, the -- the yellow slip that was

9   provided, the fines assessed in court slip.

10       Q    And is this a practice that you've had

11  since you began at the court clerk's office in 2012?

12       A    Yes.

13       Q    And has anything about that practice

14  changed since you began in 2012?

15       A    The only thing that's changed is now some

16  of the -- well, Judge Vaclaw and -- well, I don't

17  know if Judge Vaclaw does, but I know Judge Gerken

18  asks them what they can pay each month, Judge Thomas

19  doesn't do that.  I don't know what Judge Vaclaw

20  does, I don't --

21       Q    Sure.  Let me just repeat -- clarify a

22  little bit, just the -- the process of meeting with

23  the defendants and giving them the -- the yellow

24  sheet that's filled out, has -- has that process

25  itself ever changed?



```
 1        A     No.  They still get that in court after --
 2   when they leave, they get that slip.
 3        Q     And, Ms. Lawrence, in your role as minute
 4   clerk, who do you report to?
 5        A     The court clerk.
 6        Q     And that's Jill Spitzer?
 7        A     Yes.
 8        Q     And are there any other employees at the
 9   office who report directly to you?
10        A     No.
11        Q     All right.  Ms. Lawrence, more
12   specifically with respect to your meeting with
13   defendants regarding the costs and fees, please
14   correct me if I'm wrong, but if I understand you
15   correctly, it's the practice of the district -- of
16   the district court clerk's office that after the
17   defendants are sentenced, they come to the minute
18   clerk and the minute clerk gives them a sheet that
19   provides in more detail the amounts of fees and
20   costs they owe, correct?
21             MR. PEDERSON:  Object to form.
22             THE WITNESS:  I don't -- I don't meet with
23   the defendants.  The defendants are in court in
24   front of me whenever I'm there, I -- I don't meet
25   with them outside of -- outside of court.
```



1      Q    (BY MR. NADKARNI) Outside of the court, but
2   do you provide them a sheet at the court that -- the
3   yellow slip that provides that information?
4      A    Yes.
5      Q    And are there any other documents you
6   provide them that lists their fees and costs?
7      A    Notice of date to appear in court would be
8   the order back -- we call it an order back slip, the
9   pink slip, if they have another court date.  And
10  then we also provide them an advice of Rule 8 slip
11  that's green.
12     Q    And, Ms. Lawrence, your -- your testimony
13  is that this happens while the defendant is still in
14  court?
15     A    Yes.
16     Q    Do you know if that's always been the
17  practice since you began at the court clerk's
18  office?
19     A    Yes.
20     Q    And -- and has that practice changed at
21  all since you began working there at all?
22     A    No.
23     Q    Are -- are you aware of any -- of any
24  practices where the -- where the defendants came to
25  the court clerk's office to receive their list of



1    fees and costs separate from their sentencing

2    hearing in court?

3         A    I -- I don't know.  We provide them the

4    slips in court.  What happens to them after they

5    leave court, I don't have a clue.

6         Q    So you -- you, yourself, as minute clerk,

7    have never met with the defendants after -- separate

8    from a sentencing hearing and after a sentencing

9    hearing to provide them a list of fees and costs?

10        A    No.

11        Q    Are you aware of anyone else at the court

12   clerk's office doing so?

13        A    I don't know if the cost administrator

14   does or not.  I don't know.

15        Q    And the cost administrator is Ms. Powell?

16        A    Yes.

17        Q    Aside from the cost administrator, are you

18   aware, since you began, of anyone else meeting with

19   the defendant after the court -- after the court

20   clerk's office -- sorry -- anyone at -- anyone

21   meeting with the defendant at the court clerk's

22   office after the sentencing hearing to provide them

23   information regarding their fees and costs?

24        A    No.

25        Q    And, Ms. Lawrence, the -- the cost



1  calculation form that -- or the yellow slip that you

2  call it that you prepare for the defendants in

3  court, what is the -- the procedure for completing

4  that form?

5      A    I fill in their name, their case number,

6  what the fine is for each count and what the VCA is

7  for each count, whether there's an OSBI fee, a OIDS

8  fee, a PSI fee, a contempt fee, whether there was a

9  court reporter, whether there was jail time and

10  whether there was court cost assessed.

11      Q    And how do you determine what the court

12  costs are?

13      A    Those are already in the system whenever

14  they're sentenced, I don't -- I don't know what they

15  are at the time of sentencing, it's in the -- it's

16  in the KellPro.

17      Q    And how do you determine what the specific

18  fees are that the defendant must pay?

19      A    I don't --

20          MS. KANE:  Object as to form.

21          THE WITNESS:  I don't determine what the

22  fees are.

23          MR. WILLIFORD:  Hey, Sid, just so I'm

24  clear and we're all clear, on the same page, not to

25  be overly interruptive, but we are still operating



1    under the principal that one objection counts as an

2    objection for everyone, correct?

3              MR. NADKARNI:  Yes, that's perfectly fine

4    with me.

5              MR. PEDERSON:  Yeah, me, too.

6              MS. KANE:  Yes.

7         Q    (BY MR. NADKARNI) Sure.  So, Ms. Lawrence,

8    let me reword that question because I think it was a

9    little unclear.  How do you determine which fees

10   need -- need to be completed in terms of the amounts

11   that are written down on the yellow slip?

12        A    They're stated in the plea when they

13   recite what the plea is.  I -- I don't determine

14   that, the -- the defendant and the DAs determine

15   what those fines and VCAs are and they recite them

16   whenever they recite the plea offer.

17        Q    And to your recollection, are -- are all

18   the fees entered on that yellow slip, pleas that --

19   fees that are mentioned in the pleading?

20             MS. KANE:  Sorry.

21             THE WITNESS:  Hold on.

22             MR. PEDERSON:  Could we go off the record

23   one second, I'm sorry.

24             MR. NADKARNI:  Sure, no problem.

25             THE VIDEOGRAPHER:  We're off the record at


800.376.1006
www.proreporters.com

```
 1   10:25 a.m.

 2            (Break taken from 10:25 a.m. to 10:25

 3   a.m.)

 4        Q   (BY MR. NADKARNI) Ms. Lawrence, let me

 5   repeat that question.  Is it your testimony that all

 6   the fees that are entered on the yellow slip are

 7   specifically fees that are mentioned in the -- in

 8   the plea?

 9        A   Yes.

10        Q   And by plea, we're talking the plea of

11   guilty and summary of facts form; is that correct?

12        A   Correct.

13        Q   And to your recollection, are there -- are

14   there any other fees not mentioned in that form that

15   are then assessed against the defendants by -- on --

16   and then itemized for them on documents given to

17   them by the court clerk?

18        A   No.

19        Q   And, Ms. Lawrence, how do you determine

20   what amount to add in for each fee?

21        A   I guess I don't understand your question.

22        Q   Sure.  So the specific amount that you

23   write down on the slip for each fee, how do you

24   determine what amount to put down?

25        A   I -- I don't determine those amounts.
```

1   Those amounts are -- are stated in the plea offer or

2   the plea agreement that was come to an agreement by

3   the district attorney and the defendants.  I don't

4   determine anything.  I just write down what's told

5   to me.

6        Q    So are there any independent calculations

7   you're doing as to what to include on that slip

8   that's not mentioned in the plea agreement?

9        A    No.

10       Q    And has -- has that always been the

11  court's practice since you began working at the

12  office?

13       A    Yes.

14       Q    So you're not aware of -- of any practice

15  whereby the court clerk independently looks

16  something up to write down for the defendant that's

17  not mentioned in the plea; is that correct?

18       A    Repeat that, I'm sorry.

19       Q    Sure.  So you're not aware of -- of any

20  practice of the court clerk writing down something

21  as to the defendant's fees and costs that are not

22  mentioned in the plea agreement?

23       A    No, I'm not aware.

24       Q    And in connection with giving the

25  defendants this yellow slip, does -- does anyone



1    else from your office speak to the defendant or --

2    or hand them anything at that time?

3         A    Not at the time they get the yellow slip,

4    no.

5         Q    Are you aware of anyone else from the

6    court clerk's office handing the defendant anything

7    before they meet with the cost administrator?

8         A    No.

9         Q    And has that practice changed in any way

10   since you began working there?

11        A    Not to my knowledge.

12        Q    And, Ms. Lawrence, this -- this sentencing

13   hearing where the defendant is provided a yellow

14   slip, how is that documented?

15        A    It's not.  I mean, I don't write down that

16   I gave them a yellow slip, I just give them the

17   yellow slip.

18        Q    Are you aware of any other documents

19   filled out for the defendant by the court clerk

20   after sentencing?

21        A    No.

22             MR. PEDERSON:  Other than the pink slip?

23        Q    (BY MR. NADKARNI) Wait, I'm sorry,

24   Ms. Lawrence, you referenced a pink slip, can you

25   repeat what that is?



```
 1        A     It's the notice of date to appear in
 2   court, the order back slip.
 3        Q     And the order back slip, what does that
 4   upcoming court appearance relate to?
 5        A     Could be a fine and a cost date, it could
 6   be a community sentencing date, it just depends on
 7   what -- what they're ordered back for.
 8        Q     Sure.  And aside from that slip, are you
 9   aware of the court clerk's office completing any
10   other forms for the defendant after sentencing?
11             MS. KANE:  Object.  Asked -- asked and
12   answered.
13        Q     (BY MR. NADKARNI) Are you -- are you aware
14   of any other forms being handed to defendants, aside
15   from the yellow slip and the pink slip?
16        A     No.  Besides the -- besides the Rule 8
17   slip that gives them their -- tells them what their
18   Rule 8 rights are, but that's -- that's the only
19   slip.
20        Q     Sure.  And do you know who gives them that
21   slip?
22        A     We give it to them at the time of
23   sentencing with the pink slip and the yellow slip.
24        Q     Is that you or is that the judge?
25        A     No, that's me or whoever is the minute
```



1    clerk at the time of sentencing.

2        Q      Sure.

3              MR. NADKARNI:  Guys, if you don't mind,

4    can we -- can we take a five-minute break?  I think

5    we may need to just pull a few documents that

6    weren't in the forms or in the folder that was sent

7    to you guys earlier?

8              MS. KANE:  Sure.

9              MR. PEDERSON:  That's fine.

10             THE VIDEOGRAPHER:  We're off the record at

11   10:32 a.m.

12             (Break taken from 10:32 to 10:53)

13             THE VIDEOGRAPHER:  We're back on the

14   record at 10:53 a.m.

15       Q    (BY MR. NADKARNI) Okay.  Ms. Lawrence, I'd

16   like to go through with you the document that I just

17   provided to Ms. Kane to print out.

18       A      Okay.

19       Q      And, Ms. Lawrence, do you recognize the

20   general format of this document?

21       A      The general form, yes.

22       Q      This is the plea of guilty summary of

23   facts form that you -- of the type you referenced

24   reviewing earlier, correct?

25       A      Correct.



```
 1      Q    And this is the form that you review
 2  before entering the amounts of fines, fees and costs
 3  on the yellow slip?
 4      A    I don't review it before I put it on the
 5  yellow slip, I review it before I put the minute on
 6  the computer to make sure that what I have written
 7  down is correct.
 8           MS. KANE:  Object as to this form is an
 9  older form, I don't know that this is the form
10  that's used currently.  This is from -- it's signed
11  by Judge DeLapp, and I think that Ms. Lawrence
12  advised you that she did not do any work for Judge
13  DeLapp, she was not the clerk at the time.
14           MR. NADKARNI:  Sure.  So -- so I believe
15  this form is from 2015, when -- when Ms. Lawrence
16  was already serving as a minute clerk.  And -- and,
17  yeah, I'm not sure if there's exact differences
18  between the forms that Judge DeLapp used and any
19  forms that Judge Vaclaw used, but why don't we go
20  through those questions and if -- if she says
21  anything -- there's anything specifically different,
22  I'm happy to let her clarify.
23           MS. KANE:  Are you comfortable with that?
24  The problem would be if she doesn't have the other
25  form in front of her, knowing that a certain part is
```



1    different, because this is a very long form, it's 8,

2    9, 10, 12 pages, you would expect her to know the

3    difference in this form and another form.

4            MR. NADKARNI:  Sure.  You know what, I'll

5    start -- I'll start asking the questions more

6    generally, but if -- if looking at the form would

7    help her, she's free to -- to look at it.

8            MS. KANE:  As long as my objection is

9    noted.

10           MR. NADKARNI:  Sure.

11    Q    (BY MR. NADKARNI) So, Ms. Lawrence, the

12    plea of guilty summary of facts form is what you

13    review when you enter the court minute?

14    A    Yes.

15    Q    And -- and are there any forms that you

16    review in connection with filling out the fees and

17    costs on the yellow slip?

18    A    No.

19    Q    And can you remind me, the fees and costs

20    listed on the yellow slip, how do you -- how do you

21    recall what amounts to enter there?

22    A    They're stated by either the DA or the

23    defendant whenever the plea is recited.

24    Q    Okay.  So -- so what's stated -- what's

25    stated when the plea -- when the plea is recited is



```
 1    what's entered on the yellow slip?

 2         A    Correct.

 3         Q    And -- and -- and there's nothing that's

 4    not stated in the plea that's not entered on the

 5    yellow slip; is that correct?

 6         A    Correct.

 7         Q    And is there -- and there's no other

 8    documentation that's provided by the courts or by

 9    the defendant that you review in connection with

10    filling out the yellow slip?

11         A    No.

12         Q    So you don't review any -- any affidavits

13    provided by the defendants in connection with -- in

14    connection with an application for a OIDS attorney

15    that would state their financial -- their financial

16    ability to pay, correct?

17         A    I don't --

18              MR. PEDERSON:  Object to form.

19              THE WITNESS:  I don't review any documents

20    prior to the court hearing or at the time of court

21    hearing.

22         Q    (BY MR. NADKARNI) Sure.  And I presume it's

23    not your job?

24         A    Correct.

25         Q    And I'm presuming similarly that there's
```

```
 1   no -- there's no change to form that you make based
 2   on any -- based on any assessment of a defendant's
 3   ability to pay those fines, fees and costs, correct?
 4        A    No.
 5        Q    And that's because it's not your job,
 6   right?
 7        A    Correct.
 8        Q    And, Ms. Lawrence, do you ever have to
 9   calculate the fees and costs of a defendant and put
10   them on a yellow slip for a defendant whose
11   sentencing hearing you are not attending?
12        A    No.
13        Q    And has it always been the practice since
14   you began working there?
15        A    Yes.
16        Q    And before those fines, fees and costs are
17   stated as part of the defendant's plea at sentencing
18   hearing, do you, as minute clerk, do any research as
19   to what those amounts are going to come out to?
20        A    No.
21        Q    No problem.  And I assume it's not your
22   job to do that, right?
23        A    I'm not an attorney, I don't know.
24        Q    And, Ms. Lawrence, as minute clerk, are
25   there -- are there any policies or practices that
```

1    give you discretion over what to enter on that

2    yellow slip in terms of which -- which fees and

3    costs will be assessed against the defendants?

4         A    No.

5         Q    And there's no policies or practices

6    giving you discretion over what amounts to put down

7    with respect to the fees and costs, correct?

8         A    No.

9              MR. NADKARNI:  All right.  Guys, can we

10   take a two-minute, a two to five-minute break?  I

11   think we'll just -- you know, we'll just like to

12   expedite this, so I think we're just going to review

13   our notes and see what further questions we have.

14             MS. KANE:  Sure.

15             MR. PEDERSON:  That's fine.

16             THE VIDEOGRAPHER:  We're off the record at

17   11:01 a.m.

18             (Break taken from 11:01 to 11:09)

19             THE VIDEOGRAPHER:  We're back on the

20   record at 11:09 a.m.

21             MR. NADKARNI:  Ms. Lawrence, thank you for

22   answering these questions, I think that's all we

23   have, unless there is any separate direct from

24   Mr. Pederson or Mr. Williford or Ms. Lawson that we

25   reserve the right to redirect on.



Professional Reporters
800.376.1006
www.proreporters.com

```
 1                    CROSS-EXAMINATION

 2   BY MR. PEDERSON:

 3        Q    This is Devan, Ms. -- Ms. Lawrence, have

 4   you always given out the green slips?

 5        A    Those, we started handing those out

 6   shortly after Judge Thomas took office in January of

 7   2019.

 8             MR. PEDERSON:  Okay.  That's all I have.

 9   Thank you.

10                    REDIRECT-EXAMINATION

11   BY MR. NADKARNI:

12        Q    And -- and, Ms. Lawrence, if I -- if I can

13   just ask you a quick question, can you just explain

14   what the green slip is?  I think we asked -- we

15   talked about the yellow slip and the pink slip

16   before, so I just wanted to make sure I understand

17   that.

18        A    Sorry.  It's the advice of Rule 8 rights.

19             MR. NADKARNI:  Okay.  That's all on my

20   end.

21             MR. WILLIFORD:  I don't have any questions

22   for you Ms. Lawrence, thank you so much.

23             MR. PEDERSON:  I have nothing else.

24             MR. NADKARNI:  All right.  Thank you,

25   Ms. Lawrence, I think we can go off the record then.
```



Halee Lawrence                                                    1/12/2021                                                    33

```
 1              THE VIDEOGRAPHER:  We're off the record at

 2    11:10 a.m.

 3              MR. PEDERSON:  She wants to read and sign.

 4              (DEPOSITION CONCLUDED AT 11:10 A.M.)

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                           JURAT

 2                    FEENSTRA vs. SIGLER

 3           I, HALEE LAWRENCE, do hereby state under

 4    oath that I have read the above and foregoing

 5    deposition in its entirety and that the same is a

 6    full, true and correct transcription of my testimony

 7    so given at said time and place.

 8

 9

10           _____

11           Signature of Witness

12

13

14           Subscribed and sworn to before me, the

15    undersigned Notary Public by said witness, HALEE

16    LAWRENCE, on this _____day of_____,

17    2021.

18

19

20

21           _____

22           NOTARY PUBLIC

23           MY COMMISSION EXPIRES:_____

24           (LA)  JOB FILE #148730

25
```

```
 1                    ERRATA SHEET

 2                  FEENSTRA vs. SIGLER

 3            DEPOSITION OF HALEE LAWRENCE

 4         REPORTED BY: Lacy Antle, CSR, RPR

 5      DATE DEPOSITION TAKEN: JANUARY 12, 2021

 6                JOB FILE NO. 148730

 7   PAGE   LINE   IS                SHOULD BE

 8   _____  _____  _____  _____

 9   _____  _____  _____  _____

10   _____  _____  _____  _____

11   _____  _____  _____  _____

12   _____  _____  _____  _____

13   _____  _____  _____  _____

14   _____  _____  _____  _____

15   _____  _____  _____  _____

16   _____  _____  _____  _____

17   _____  _____  _____  _____

18   _____  _____  _____  _____

19   _____  _____  _____  _____

20   _____  _____  _____  _____

21   _____  _____  _____  _____

22   _____  _____  _____  _____

23   _____  _____  _____  _____

24   _____  _____  _____  _____

25   _____  _____  _____  _____
```

1                    CERTIFICATE

2    STATE OF OKLAHOMA   )
                         )  SS:
3    COUNTY OF OKLAHOMA  )

4              I, Lacy Antle, Certified Shorthand

5    Reporter within and for the State of Oklahoma and

6    for the State of Arkansas do hereby certify that the

7    above-named HALEE LAWRENCE was by me first duly

8    sworn to testify the truth, the whole truth, and

9    nothing but the truth, in the case aforesaid; that

10   the above and foregoing deposition was by me taken

11   in shorthand and thereafter transcribed; and that I

12   am not an attorney for nor relative of any of said

13   parties or otherwise interested in the event of said

14   action.

15             IN WITNESS WHEREOF, I have hereunto set my

16   hand and official seal this 18th day of January,

17   2021.

18

19

20

21

22   _____
                                      Lacy Antle, CSR, RPR
23                                    Oklahoma CSR #1865
                                      Arkansas CCR #791
24

25

**WORD INDEX**

**< 1 >**
**1** 2:*9* 3:*10* 11:*10, 11*
**10** 28:2
**10:02** 1:*9* 5:*8*
**10:25** 22:*1, 2*
**10:32** 26:*11, 12*
**10:53** 26:*12, 14*
**10022** 1:*15*
**11** 3:*10*
**11:01** 31:*17, 18*
**11:09** 31:*18, 20*
**11:10** 33:2, *4*
**12** 1:*9* 4:*7* 28:2 35:*5*
**12th** 5:*7*
**148730** 34:*24* 35:*6*
**1865** 36:*23*
**18th** 36:*16*
**19-CV-234-JFH-FHM** 5:*5*
**19-CV-JFH-FHM** 1:*5*

**< 2 >**
**201** 2:*10*
**2011** 3:*10* 11:*5*
**2012** 12:*9* 13:2 16:*11, 14*
**2015** 27:*15*
**2019** 13:6 32:*7*
**2021** 1:*9* 4:*8* 5:*7* 34:*17* 35:*5* 36:*17*
**212** 1:*15*
**21st** 1:*20* 2:*4*

**< 3 >**
**313** 1:*20* 2:*4*
**32** 3:*4*

**< 4 >**
**405** 1:*21* 2:*5*
**420** 2:*10*
**440-9991** 2:*11*

**< 5 >**
**5** 3:*3*
**522-2931** 2:*5*
**522-2944** 1:2*1*

**< 7 >**
**73105** 1:2*1* 2:*5*
**74003** 2:*10*
**791** 36:*23*

**< 8 >**
**8** 14:*20* 18:*10* 25:*16, 18* 28:*1* 32:*18*
**885** 1:*14*

**< 9 >**
**9** 28:2
**906-1605** 1:*15*
**918** 2:*11*

**< A >**
**A.M** 1:*9* 5:*8* 22:*1, 2, 3* 26:*11, 14* 31:*17, 20* 33:2, *4*
**ability** 29:*16* 30:*3*
**above-named** 36:*7*
**accurate** 8:*17*
**action** 36:*14*
**actual** 14:*17*
**add** 16:*2* 22:*20*
**administrator** 19:*13, 15, 17* 24:*7*
**advice** 18:*10* 32:*18*
**advised** 14:*18, 20* 27:*12*
**affidavits** 29:*12*
**aforesaid** 36:*9*
**agreed** 4:*3*
**agreement** 23:2, *8, 22*
**al** 1:*3, 6* 5:*3*
**AMANDA** 1:*3* 5:*13* 6:*7*
**amount** 22:*20, 22, 24*

**amounts** 17:*19* 21:*10* 22:*25* 23:*1* 27:*2* 28:2*1* 30:*19* 31:6
**answer** 7:*15, 25* 8:*1*
**answered** 25:*12*
**answering** 8:*24* 31:22
**Antle** 1:*25* 4:*8* 35:*4* 36:*4, 22*
**appeal** 14:*18*
**appear** 18:7 25:*1*
**appearance** 25:*4*
**APPEARANCES** 1:*11, 23* 2:*1* 5:*10*
**Appearing** 1:*12, 18* 2:2, *7*
**application** 29:*14*
**Arkansas** 36:6, *23*
**Ashley** 2:*7* 5:*19*
**ashley.kane@dac.st ate.ok.us** 2:*11*
**aside** 12:*4* 19:*17* 25:*8, 14*
**asked** 7:6 14:*7* 25:*11* 32:*14*
**asking** 7:*14* 8:*11* 28:*5*
**asks** 16:*18*
**assessed** 6:*11* 16:*3, 4, 9* 20:*10* 22:*15* 31:*3*
**assessment** 30:2
**assume** 7:*18* 30:2*1*
**attending** 30:*11*
**ATTORNEY** 1:*20* 2:*4* 9:22 15:*14* 23:*3* 29:*14* 30:*23* 36:*12*
**attorneys** 4:*5* 10:*14, 19*
**ATTORNEY'S** 2:*9*
**August** 12:*9*
**Ave** 2:*10*
**Avenue** 1:*14*

**aware** 18:*23* 19:*11, 18* 23:*14, 19, 23* 24:*5, 18* 25:*9, 13*

**< B >**
**back** 14:*19* 18:*8* 25:*2, 3, 7* 26:*13* 31:*19*
**Bartlesville** 2:*10*
**based** 15:*9, 10, 12* 30:*1, 2*
**began** 16:*11, 14* 18:*17, 21* 19:*18* 23:*11* 24:*10* 30:*14*
**BEGINNING** 1:*9*
**BEHALF** 1:*8, 12, 18* 2:2, *7*
**believe** 27:*14*
**bench** 13:6
**benefit** 8:*4, 9*
**best** 7:*16*
**bit** 10:*24* 16:22
**board** 5:*23* 10:2*0*
**break** 8:2*1, 22, 24* 22:2 26:*4, 12* 31:*10, 18*
**briefly** 11:*16*
**bring** 9:*9*

**< C >**
**calculate** 30:*9*
**calculation** 20:*1*
**calculations** 15:*23* 23:6
**call** 18:*8* 20:2
**care** 13:*10*
**CARTER** 1:*3* 5:*13* 6:8
**Case** 5:*5* 6:2*0* 10:*16, 21* 16:*1* 20:*5* 36:*9*
**cases** 13:*18, 21*
**CCR** 36:*23*
**certain** 27:*25*
**CERTIFICATE** 36:*1*

**Certified** 36:*4*
**certify** 36:*6*
**change** 30:*1*
**changed** 16:*14*, *15*, *25* 18:*20* 24:*9*
**check** 11:*16*
**chosen** 6:*17*
**City** 1:*21* 2:*5*
**Civil** 4:*7* 13:*16*
**clarify** 7:*17*, *18* 16:*5*, *21* 27:*22*
**clear** 7:*10* 20:*24*
**clearly** 8:*13*
**Clerk** 3:*10* 6:*15* 11:2, *5* 12:8, *10*, *13*, *16*, *21* 13:5, *7* 17:*4*, *5*, *18* 19:*6* 22:*17* 23:*15*, *20* 24:*19* 26:*1* 27:*13*, *16* 30:*18*, *24*
**clerk's** 6:*13*, *18* 10:*25* 11:*14*, *20*, *23* 12:*4* 16:*11* 17:*16* 18:*17*, *25* 19:*12*, *20*, *21* 24:*6* 25:*9*
**clue** 19:*5*
**colleague** 5:*14*
**come** 14:*19* 17:*17* 23:*2* 30:*19*
**comes** 15:*9*
**comfortable** 27:*23*
**COMMISSION** 34:*23*
**community** 25:*6*
**complete** 8:*17*
**completed** 21:*10*
**completing** 20:*3* 25:*9*
**computer** 14:2, *6* 27:*6*
**CONCLUDED** 33:*4*
**connection** 9:*22* 10:*13* 23:*24* 28:*16* 29:*9*, *13*, *14*
**contained** 15:*18*
**contempt** 20:*8*
**CONTENTS** 3:*1*

**continued** 1:*23* 2:*1*
**convicted** 6:*10*
**correct** 6:*15* 9:*19* 14:*16* 17:*14*, *20* 21:*2* 22:*11*, *12* 23:*17* 26:*24*, *25* 27:*7* 29:2, *5*, *6*, *16*, *24* 30:*3*, *7* 31:*7* 34:*6*
**correctly** 11:*19*, *22* 17:*15*
**cost** 15:*22* 19:*13*, *15*, *17*, *25* 20:*10* 24:*7* 25:*5*
**costs** 6:*10* 15:22, *25* 16:*7* 17:*13*, *20* 18:*6* 19:*1*, *9*, *23* 20:*12* 23:*21* 27:*2* 28:*17*, *19* 30:*3*, *9*, *16* 31:*3*, *7*
**counsel** 5:*9* 7:*22* 15:*4*
**count** 20:*6*, *7*
**counts** 21:*1*
**COUNTY** 2:*7*, *9* 5:*20* 6:*11* 36:*3*
**COURT** 1:*1* 3:*10* 6:*10*, *13*, *14*, *18* 8:*4*, *9* 10:*25* 11:2, *5*, *14*, *20*, *23* 12:*4*, *17* 13:*9*, *11*, *14*, *15* 15:*6*, *10*, *22* 16:*4*, *9*, *11* 17:*1*, *5*, *16*, *23*, *25* 18:*1*, *2*, *7*, *9*, *14*, *17*, *25* 19:*2*, *4*, *5*, *11*, *19*, *21* 20:*3*, *9*, *10*, *11* 22:*17* 23:*15*, *20* 24:*6*, *19* 25:*2*, *4*, *9* 28:*13* 29:*20*
**courts** 29:*8*
**court's** 23:*11*
**cover** 9:*18* 11:*1*
**Craig** 5:*22*
**crimes** 6:*10*
**criminal** 13:*16*, *18*, *20* 14:*11* 15:*23*

**Cross-Examination** 3:*4* 32:*1*
**CSR** 1:*25* 4:*8* 35:*4* 36:*22*, *23*
**CST** 1:*9*
**current** 12:*1*
**Currently** 12:*15* 27:*10*

**< D >**
**DA** 15:*3* 28:*22*
**DAs** 21:*14*
**date** 14:*19* 18:*7*, *9* 25:*1*, *5*, *6* 35:*5*
**dates** 11:*18*, *19*
**day** 34:*16* 36:*16*
**deals** 15:*3*
**declares** 14:*23*
**DEFENDANT** 2:*2* 5:*18* 15:*4*, *14* 18:*13* 19:*19*, *21* 20:*18* 21:*14* 23:*16* 24:*1*, *6*, *13*, *19* 25:*10* 28:*23* 29:*9* 30:*9*, *10*
**Defendants** 1:*6*, *18* 6:*12* 10:*15* 15:*24* 16:*6*, *23* 17:*13*, *17*, *23* 18:*24* 19:*7* 20:*2* 22:*15* 23:*3*, *25* 25:*14* 29:*13* 31:*3*
**defendant's** 23:*21* 30:*2*, *17*
**Defense** 5:*22* 15:*4*, *14*
**DeLapp** 12:*11* 27:*11*, *13*, *18*
**depends** 25:*6*
**deponent** 6:*24*
**deposes** 6:*1*
**DEPOSITION** 1:*8* 4:*5* 5:*2*, *6* 9:*2*, *5*, *23* 33:*4* 34:*5* 35:*3*, *5* 36:*10*
**description** 11:*17* 12:*22* 15:*8*

**designated** 6:*13*, *18*, 22, *24*
**detail** 13:*25* 17:*19*
**determine** 20:*11*, *17*, *21* 21:*9*, *13*, *14* 22:*19*, *24*, *25* 23:*4*
**Devan** 2:*3* 5:*15* 7:*4* 32:*3*
**devan.pederson@a og.ok.gov** 2:*6*
**difference** 28:*3*
**differences** 27:*17*
**different** 27:*21* 28:*1*
**Direct** 3:*3* 6:*4* 31:*23*
**directly** 17:*9*
**Directors** 10:*21*
**discretion** 31:*1*, *6*
**DISTRICT** 1:*1*, *2* 2:*9* 5:*4* 10:*25* 12:*17* 15:*14* 17:*15*, *16* 23:*3*
**Divorce** 13:*16*
**document** 11:*1*, *9*, *19* 15:*10* 26:*16*, *20*
**documentation** 29:*8*
**documented** 24:*14*
**documents** 9:*7*, *10*, *13*, *15*, *18* 11:*3* 13:*11* 16:*7* 18:*5* 22:*16* 24:*18* 26:*5* 29:*19*
**doing** 19:*12* 23:*7*
**downstairs** 13:*12*
**duly** 6:*1* 36:*7*

**< E >**
**earlier** 26:*7*, *24*
**either** 28:*22*
**Employee** 3:*10* 11:*5*
**employees** 17:*8*
**employment** 11:*20*
**enforced** 6:*11*

enter 13:*23* 14:*2*, *7* 15:*17* 28:*13*, *21* 31:*1*
entered 21:*18* 22:6 29:*1*, *4*
entering 14:*5* 27:2
entirety 34:*5*
ERRATA 35:*1*
et 1:*3*, *6* 5:*3*
event 36:*13*
exact 27:*17*
Examination 3:*3* 6:*4*
Exhibit 3:*9* 11:*10*, *11*
EXHIBITS 3:*8*
expect 28:2
expedite 31:*12*
EXPIRES 34:*23*
explain 13:*25* 32:*13*

< F >
facts 15:*13*, *16* 22:*11* 26:*23* 28:*12*
fair 7:*19*
far 13:*19*
Federal 4:*7*
fee 15:22 16:*4* 20:*7*, *8* 22:*20*, *23*
FEENSTRA 1:*3* 5:*3*, *13* 6:*8* 34:*2* 35:*2*
fees 6:*9* 16:*2*, *7* 17:*13*, *19* 18:6 19:*1*, *9*, *23* 20:*18*, *22* 21:*9*, *18*, *19* 22:*6*, *7*, *14* 23:*21* 27:2 28:*16*, *19* 30:*3*, *9*, *16* 31:*2*, *7*
file 13:*12* 34:*24* 35:6
filed 5:*3* 16:*1*
fill 12:*18* 16:*6* 20:*5*
filled 16:*24* 24:*19*

filling 28:*16* 29:*10*
finally 8:*20*
financial 29:*15*
fine 16:*3* 20:*6* 21:*3* 25:*5* 26:*9* 31:*15*
fines 6:*9* 16:*9* 21:*15* 27:2 30:*3*, *16*
finish 8:*10*, *12*, *24*
first 6:*1* 10:*24* 36:*7*
fit 12:*22*
five-minute 26:*4* 31:*10*
folder 26:6
following 1:*23*
follows 6:*3*
follow-up 13:*13*
foregoing 34:*4* 36:*10*
form 15:*16* 17:*21* 20:*1*, *4*, *20* 22:*11*, *14* 26:*21*, *23* 27:*1*, *8*, *9*, *15*, *25* 28:*1*, *3*, *6*, *12* 29:*18* 30:*1*
format 26:*20*
forms 25:*10*, *14* 26:6 27:*18*, *19* 28:*15*
free 28:*7*
front 17:*24* 27:*25*
full 34:6
full-time 12:*21*
further 31:*13*

< G >
GENERAL 1:*20* 2:*4* 26:*20*, *21*
generally 28:6
Gerken 16:*17*
gesture 8:6
give 24:*16* 25:22 31:*1*
given 22:*16* 32:*4* 34:*7*
gives 17:*18* 25:*17*, *20*

giving 16:*23* 23:*24* 31:6
go 13:*9* 21:22 26:*16* 27:*19* 32:*25*
goes 7:*13*
going 30:*19* 31:*12*
Great 8:*16* 9:*17* 10:*23*
green 18:*11* 32:*4*, *14*
ground 7:*12*
guess 22:*21*
guilty 15:*13*, *16* 22:*11* 26:22 28:*12*
guys 7:6 26:*3*, *7* 31:*9*

< H >
HALEE 1:*8* 4:*5* 5:*2*, *20*, *25* 34:*3*, *15* 35:*3* 36:*7*
hand 16:6 24:*2* 36:*16*
handed 25:*14*
handing 24:6 32:*5*
happened 13:*24* 14:*5*
happens 18:*13* 19:*4*
happy 27:22
health 13:*16*
hearing 14:*1* 19:*2*, *8*, *9*, *22* 24:*13* 29:*20*, *21* 30:*11*, *18*
hearings 13:*15*, *17*, *20*
held 5:6 11:*23*
help 28:*7*
helps 7:*8*
hereto 4:*4*
hereunto 36:*15*
Hey 20:*23*
Hi 5:*11*
history 10:*25*

hold 12:*3* 21:*21*

< I >
identification 11:*11*
include 23:*7*
independent 23:6
independently 23:*15*
Indigent 5:22 10:*20*
information 14:*7*, *8*, *11*, *16* 15:*18* 18:*3* 19:*23*
instructs 8:*1*
interested 36:*13*
interruptive 20:*25*
itemized 22:*16*
its 34:*5*

< J >
jail 20:*9*
JANUARY 1:*9* 4:*7* 5:*7* 13:6 32:6 35:*5* 36:*16*
JARED 1:6
Jill 17:6
job 29:*23* 30:*5*, *22* 34:*24* 35:6
Johnstone 2:*10*
joined 5:*14*
Jon 1:*18* 5:*21*
jon.williford@aog. ok.gov 1:22
Judge 12:*11*, *14*, *23*, *24*, *25* 13:*1*, *5* 14:*23* 15:*9* 16:*16*, *17*, *18*, *19* 25:*24* 27:*11*, *12*, *18*, *19* 32:6
JUDGES 2:2 5:*18* 12:*17*, *20*, *22*
JUDICIAL 2:*9*
JURAT 34:*1*

< K >
Kane 2:*7* 5:*19* 6:*16* 7:*1*, *21*, *24* 9:*12*, *15*, *19*, *21*

20:20  21:6, *20*
25:*11*  26:8, *17*
27:8, *23*  28:8
31:*14*
**Kell**  15:*17*
**KellPro**  13:*10*, *24*
14:*4*  15:*18*  16:*1*
20:*16*
**know**  6:*22*, *24*
8:*21*  10:8  14:*15*,
*17*  15:5  16:*17*, *19*
18:*16*  19:*3*, *13*, *14*
20:*14*  25:20  27:9
28:2, *4*  30:*23*
31:*11*
**knowing**  27:25
**knowledge**  7:*16*
24:*11*

**< L >**
**LA**  34:*24*
**Lacy**  1:*25*  4:8
11:8  35:4  36:*4*,
*22*
**LATHAM**  1:*14*
5:*12*
**LAWRENCE**  1:8
4:5  5:2, *20*, 25
6:7  7:6, *11*, 24
9:*1*, *18*, 20  10:23
11:*12*, 25  12:7
13:7  15:*21*  17:3,
*11*  18:*12*  19:25
21:7  22:4, *19*
24:*12*, 24  26:*15*,
*19*  27:*11*, 15
28:*11*  30:8, *24*
31:*21*  32:3, *12*, *22*,
*25*  34:*3*, *16*  35:*3*
36:7
**Lawson**  2:*3*  5:*17*
10:*10*  31:*24*
**leave**  17:2  19:5
**Lilia**  1:*13*  5:*14*
**lilia.vazova@lw.co
m**  1:*16*
**LINE**  35:7

**List**  3:*10*  11:5,
*13*  16:7  18:25
19:9
**listed**  12:5  28:20
**listen**  14:*14*
**lists**  18:6
**little**  10:24  13:25
16:22  21:9
**LLP**  5:*12*
**locate**  11:*13*
**long**  7:25  28:*1*, 8
**look**  15:*15*  28:7
**looking**  28:6
**looks**  23:*15*

**< M >**
**manner**  6:*9*
**mark**  11:9
**marked**  11:*11*
**matter**  5:2  6:8
7:*15*  9:*14*  10:*13*
**mean**  24:*15*
**meet**  9:*21*, 25
17:22, *24*  24:7
**meeting**  16:22
17:*12*  19:*18*, 21
**mental**  13:*16*
**mentioned**  21:*19*
22:7, *14*  23:8, *17*,
22
**met**  10:6, *10*, 18
19:7
**middle**  8:*11*, 23
**mind**  26:*3*
**minute**  12:8, *10*,
*13*, *16*, 21  13:5, 7
17:*3*, *17*, 18  19:6
25:25  27:5, *16*
28:*13*  30:*18*, 24
**month**  16:*18*
**morning**  9:*11*, *16*

**< N >**
**Nadkarni**  1:*13*
3:*3*  5:*11*  6:5, *21*
7:*9*, *11*  9:*17*, 20
11:8, *12*  18:*1*
21:*3*, *7*, *24*  22:*4*
24:*23*  25:*13*  26:*3*,

*15*  27:*14*  28:*4*, *10*,
*11*  29:22  31:*9*, *21*
32:*11*, *19*, 24
**name**  7:7  11:*13*,
*17*  20:5
**need**  8:*21*  21:*10*
26:5
**needed**  12:*19*
**never**  10:*3*  19:7
**New**  1:*15*
**nod**  8:6
**Northeast**  1:*20*
2:4
**NORTHERN**  1:2
5:4
**Notary**  34:*15*, 22
**noted**  28:9
**notes**  13:9, *14*
14:*1*  31:*13*
**notice**  4:6  18:7
25:*1*
**Number**  5:5  20:5

**< O >**
**oath**  34:*4*
**object**  6:*16*  7:24
17:*21*  20:20
25:*11*  27:8  29:*18*
**objection**  21:*1*, 2
28:8
**obligated**  7:*15*, 25
**offer**  21:*16*  23:*1*
**offers**  15:2
**OFFICE**  2:9
6:*13*, 18  10:25
11:*14*, 20, 23  12:4
16:*11*  17:9, *16*
18:*18*, 25  19:*12*,
*20*, 22  23:*12*  24:*1*,
*6*  25:9  32:6
**official**  36:*16*
**OIDS**  1:*18*  5:*23*
20:7  29:*14*
**Okay**  6:*21*  8:25
9:*17*  13:*1*  15:*15*
26:*15*, *18*  28:24
32:8, *19*
**OKLAHOMA**
1:2, *20*, 21  2:4, 5,

*10*  5:5, *22*  10:*20*
36:*2*, *3*, *5*, *23*
**older**  27:9
**ones**  9:*15*  12:*4*
**oops**  5:*15*
**operating**  20:*25*
**order**  18:8  25:2,
*3*
**ordered**  25:7
**originally**  7:*5*
**OSBI**  20:7
**outside**  17:*25*
18:*1*
**overly**  20:*25*
**owe**  17:*20*

**< P >**
**page**  1:*23*  3:2, *9*
20:24  35:7
**pages**  28:2
**Pardon**  6:*23*
**part**  27:25  30:*17*
**parties**  4:*4*  36:*13*
**pay**  16:*18*  20:*18*
29:*16*  30:*3*
**Pederson**  2:*3*  3:*4*
5:*15*  7:*3*  10:*1*
17:*21*  21:5, *22*
24:22  26:*9*  29:*18*
31:*15*, *24*  32:2, *8*,
*23*  33:*3*
**Perfect**  8:*20*
**perfectly**  21:*3*
**person**  6:*19*
**pieces**  14:6, 8
**pink**  18:9  24:22,
*24*  25:*15*, *23*
32:*15*
**place**  34:7
**Plaintiff**  1:*4*, *12*
6:*20*
**PLAINTIFFS**  1:8
5:*13*  6:7  9:*14*
**plea**  13:20  15:2,
*12*, *15*  21:*12*, *13*,
*16*  22:8, *10*  23:*1*,
*2*, *8*, *17*, 22  26:22
28:*12*, *23*, 25  29:*4*

30:*17*

pleading  21:*19*
pleas  21:*18*
please  5:*9*  7:*17*
8:*5*, *10*, *23*  11:*8*
17:*13*
policies  30:*25*
31:*5*
positions  12:*3*
Powell  7:5  19:*15*
practice  16:*10*, *13*
17:*15*  18:*17*, 20
23:*11*, *14*, *20*  24:*9*
30:*13*
practices  18:*24*
30:25  31:*5*
prepare  9:*4*  20:2
prepared  15:*13*
preparing  9:*23*
Present  3:*10*  11:*6*
presume  29:*22*
presuming  29:*25*
principal  21:*1*
print  26:*17*
prior  29:*20*
problem  7:*9*
21:*24*  27:*24*
30:*21*
problems  6:*21*
Procedure  4:*7*
20:*3*
process  16:*22*, *24*
produced  9:*13*
propounded  6:*2*
provide  7:*12*  8:*5*,
*17*  18:*2*, *6*, *10*
19:*3*, *9*, 22
provided  9:*10*
11:*4*, *13*  13:*11*
16:*9*  24:*13*  26:*17*
29:*8*, *13*
provides  17:*19*
18:*3*
PSI  20:*8*
Public  34:*15*, 22
pull  26:*5*
pursuant  4:*6*
put  13:*10*  22:*24*

27:*4*, 5  30:*9*  31:*6*

< Q >
question  7:*19*
8:*1*, *5*, *10*, *23*, 24
10:*5*, 9  21:*8*  22:*5*,
*21*  32:*13*
questions  6:*2*
7:*14*, *15*  8:*18*
13:*13*  27:*20*  28:*5*
31:*13*, 22  32:*21*
quick  32:*13*

< R >
rarely  15:*5*
read  33:*3*  34:*4*
reason  8:*16*, 22
recall  13:*4*  14:*10*
28:*21*
receive  18:*25*
received  6:*19*  7:*1*
11:*2*
recite  21:*13*, *15*, *16*
recited  28:*23*, *25*
recognize  26:*19*
recollection  7:*7*
21:*17*  22:*13*
record  5:*7*, *10*
8:*13*  14:*25*  21:*22*,
25  26:*10*, *14*
31:*16*, *20*  32:*25*
33:*1*
redirect  31:*25*
REDIRECT-
EXAMINATION
32:*10*
referenced  24:*24*
26:*23*
reflect  11:*19*, 22
regarding  11:*17*
17:*13*  19:*23*
relate  25:*4*
relates  6:*9*
relating  7:*14*
relative  36:*12*
remind  28:*19*
repeat  16:*21*
22:*5*  23:*18*  24:*25*

reply  6:*2*
report  17:*4*, *9*
REPORTED  1:*25*
35:*4*
reporter  8:*4*, *10*,
*13*  20:9  36:*5*
represent  6:*7*
representing  5:*12*
7:*21*  9:*22*  10:*15*,
*19*
request  8:*20*, 22
research  30:*18*
reserve  31:*25*
respect  14:*21*
17:*12*  31:*7*
respective  4:*4*
respects  10:*5*, 9
15:*22*
response  6:*14*
8:*6*, *12*
responses  8:*17*
responsibilities
13:*8*
return  8:*11*
review  9:*7*  27:*1*,
*4*, 5  28:*13*, *16*
29:*9*, *12*, *19*  31:*12*
reviewing  26:*24*
reword  21:*8*
right  6:*6*  7:*22*
9:*24*  17:*11*  30:*6*,
22  31:*9*, *25*  32:*24*
rights  14:*18*, *20*
25:*18*  32:*18*
role  17:*3*
room  10:*2*
RPR  1:*25*  4:*8*
35:*4*  36:*22*
Rule  14:*20*  18:*10*
25:*16*, *18*  32:*18*
Rules  4:*7*  7:*13*

< S >
says  6:*2*  15:*9*
27:*20*
screen  11:*1*
seal  36:*16*
second  21:*23*

see  7:*7*  11:*4*
31:*13*
sense  8:*2*
sent  9:*16*  11:*10*
26:*6*
sentence  14:*17*, 22,
24  15:*8*
sentenced  15:*23*
17:*17*  20:*14*
sentences  15:*1*
sentencing  13:*17*
15:*6*  19:*1*, *8*, 22
20:*15*  24:*12*, *20*
25:*6*, *10*, *23*  26:*1*
30:*11*, *17*
sentencings  14:*12*
separate  15:*10*
19:*1*, 7  31:*23*
serve  12:*10*, *13*,
*16*, 20
serving  12:*8*
13:*4*  27:*16*
set  36:*15*
share  11:*1*
SHARONICA  1:*3*
5:*13*  6:*8*
sheet  16:*24*
17:*18*  18:2  35:*1*
Shorthand  36:*4*,
*11*
shortly  32:*6*
Sid  1:*13*  5:*11*
7:*3*  20:*23*
sid.nadkarni@lw.c
om  1:*16*
SIGLER  1:*6*  5:*3*
34:2  35:*2*
sign  33:*3*
Signature  34:*11*
signed  27:*10*
similarly  29:*25*
sit  13:*15*, *17*, 20
slip  16:*8*, 9  17:*2*
18:*3*, *8*, *9*, *10*  20:*1*
21:*11*, *18*  22:*6*, 23
23:*7*, *25*  24:*3*, *14*,
*16*, *17*, *22*, *24*  25:*2*,
*3*, *8*, *15*, *17*, *19*, *21*,
*23*  27:*3*, 5  28:*17*,

20  29:*1*, *5*, *10*
30:*10*  31:*2*  32:*14*,
*15*
**slips**  19:*4*  32:*4*
**smoothly**  7:*13*
**Snow**  1:*24*
**software**  13:*10*,
*24*  14:*4*
**Sorry**  5:*16*  19:*20*
21:*20*, *23*  23:*18*
24:*23*  32:*18*
**sort**  13:*15*
**sorts**  14:*10*
**speak**  9:*21*, *25*
24:*1*
**specific**  14:*6*, *8*,
*13*  20:*17*  22:*22*
**specifically**  7:*6*
12:*18*  14:*11*  15:*8*
17:*12*  22:*7*  27:*21*
**Spitzer**  17:*6*
**spoken**  10:*6*, *10*,
*14*, *18*
**SS**  36:*2*
**start**  11:*17*  28:*5*
**started**  12:*9*  13:*2*,
*4*  32:*5*
**STATE**  2:*2*  5:*9*,
*18*  29:*15*  34:*3*
36:*2*, *5*, *6*
**stated**  21:*12*  23:*1*
28:*22*, *24*, *25*  29:*4*
30:*17*
**STATES**  1:*1*  5:*4*
**Ste**  2:*10*
**Stefanie**  2:*3*  5:*17*
**Stesha**  1:*24*
**stipulated**  4:*3*
**STIPULATIONS**
4:*1*
**Street**  1:*20*  2:*4*
**subpoena**  6:*14*, *19*
7:*1*, *4*
**subpoenaed**  6:*17*
**Subscribed**  34:*14*
**summary**  15:*13*,
*16*  22:*11*  26:*22*
28:*12*

**Sure**  7:*9*, *10*, *13*
15:*7*  16:*5*, *21*
21:*7*, *24*  22:*22*
23:*19*  25:*8*, *20*
26:*2*, *8*  27:*6*, *14*,
*17*  28:*4*, *10*  29:*22*
31:*14*  32:*16*
**Sutter**  5:*22*
**sworn**  6:*1*  14:*15*
34:*14*  36:*8*
**System**  5:*22*
15:*19*  16:*1*  20:*13*

< T >
**tab**  11:*3*, *4*
**tabs**  11:*10*
**take**  8:*22*  13:*9*,
*10*, *11*, *14*  14:*1*
26:*4*  31:*10*
**TAKEN**  1:*8*  4:*6*
5:*2*  9:*2*  22:*2*
26:*12*  31:*18*  35:*5*
36:*10*
**talked**  32:*15*
**talking**  10:*24*
22:*10*
**tell**  10:*19*
**tells**  25:*17*
**terms**  12:*20*
21:*10*  31:*2*
**testified**  7:*5*
**testify**  6:*14*, *22*, *25*
7:*2*  36:*8*
**testimony**  18:*12*
22:*5*  34:*6*
**Thank**  13:*13*
31:*21*  32:*9*, *22*, *24*
**thing**  16:*2*, *15*
**things**  14:*13*
**think**  6:*7*, *3*, *6*
21:*8*  26:*4*  27:*11*
31:*11*, *12*, *22*
32:*14*, *25*
**Third**  1:*14*
**Thomas**  12:*14*, *25*
13:*5*  16:*18*  32:*6*
**time**  8:*21*  20:*9*,
*15*  24:*2*, *3*  25:*22*

26:*1*  27:*13*  29:*20*
34:*7*
**titles**  11:*18*, *22*, *25*
12:*1*
**today**  6:*25*  7:*2*,
*22*  9:*18*
**told**  10:*14*  23:*4*
**top**  11:*6*
**to-wit**  6:*3*
**transcribed**  36:*11*
**transcription**  34:*6*
**true**  34:*6*
**truth**  36:*8*, *9*
**trying**  15:*7*
**two**  31:*10*
**two-minute**  31:*10*
**type**  26:*23*

< U >
**unclear**  21:*9*
**undersigned**  34:*15*
**understand**  7:*17*,
*25*  17:*14*  22:*21*
32:*16*
**understanding**
14:*22*
**understood**  7:*19*
**UNITED**  1:*1*  5:*4*
**upcoming**  25:*4*
**usually**  15:*12*

< V >
**Vaclaw**  12:*23*, *24*,
*25*  13:*1*  16:*16*, *17*,
*19*  27:*19*
**Vazova**  1:*13*  5:*14*
**VCA**  16:*3*  20:*6*
**VCAs**  21:*15*
**verbal**  8:*5*
**versus**  5:*3*

**VIDEOGRAPHER**
5:*1*  21:*25*  26:*10*,
*13*  31:*16*, *19*  33:*1*
**VIDEOTAPED**
1:*8*, *24*  5:*1*
**vs**  1:*5*  34:*2*  35:*2*

< W >

**wait**  8:*10*, *12*
24:*23*
**waiting**  10:*2*
**wanted**  7:*10*
32:*16*
**wants**  33:*3*
**WASHINGTON**
2:*7*, *9*  5:*19*  6:*11*
**WATKINS**  1:*14*
5:*12*
**way**  8:*12*  24:*9*
**well**  13:*12*  16:*16*
**we're**  8:*23*  20:*24*
21:*25*  22:*10*
26:*10*, *13*  31:*12*,
*16*, *19*  33:*1*
**WHEREOF**  36:*15*
**Williford**  1:*18*
5:*21*  10:*6*, *7*
20:*23*  31:*24*
32:*21*
**WITNESS**  2:*7*
17:*22*  20:*21*
21:*21*  29:*19*
34:*11*, *15*  36:*15*
**word**  14:*5*, *9*
**work**  8:*7*, *14*
10:*24*  12:*1*  15:*21*
27:*12*
**worked**  15:*3*
**working**  18:*21*
23:*11*  24:*10*
30:*14*
**works**  13:*25*
**write**  22:*23*  23:*4*,
*16*  24:*15*
**writing**  23:*20*
**written**  21:*11*
27:*6*
**wrong**  17:*14*

< Y >
**Yeah**  21:*5*  27:*17*
**yellow**  16:*8*, *23*
18:*3*  20:*1*  21:*11*,
*18*  22:*6*  23:*25*
24:*3*, *13*, *16*, *17*
25:*15*, *23*  27:*3*, *5*
28:*17*, *20*  29:*1*, *5*,

*10*  30:*10*  31:2
 32:*15*
**York**  1:*15*


**< Z >**
**ZOOM**  1:*9, 13,*
*18*  2:*3, 7*  4:*8*

```
 1                        JURAT

 2               FEENSTRA vs. SIGLER

 3          I, HALEE LAWRENCE, do hereby state under

 4    oath that I have read the above and foregoing

 5    deposition in its entirety and that the same is a

 6    full, true and correct transcription of my testimony

 7    so given at said time and place.

 8

 9
                                              RECEIVED
10        Halee Lawrence                JAN 21 2021

11        Signature of Witness          PROFESSIONAL REPORTERS

12

13

14          Subscribed and sworn to before me, the

15    undersigned Notary Public by said witness, HALEE

16    LAWRENCE, on this   19th   day of  January         ,

17    2021.

18

19

20

21

22    NOTARY PUBLIC

23    MY COMMISSION EXPIRES:   7-27-21

24    (LA)   JOB FILE #148730    #17006897

25
```

*Professional Reporters*
800.376.1006
www.proreporters.com

```
 1                    ERRATA SHEET

 2                 FEENSTRA vs. SIGLER

 3           DEPOSITION OF HALEE LAWRENCE

 4        REPORTED BY: Lacy Antle, CSR, RPR

 5     DATE DEPOSITION TAKEN: JANUARY 12, 2021

 6               JOB FILE NO. 148730

 7   PAGE  LINE  IS                 SHOULD BE

 8   ____  ____  _____      _____

 9   ____  ____  _____      _____

10   ____  ____  _____      RECEIVED

11   ____  ____  _____      JAN 21 2021

12   ____  ____  _____      PROFESSIONAL REPORTERS

13   ____  ____  _____      _____

14   ____  ____  _____      _____

15   ____  ____  _____      _____

16   ____  ____  _____      _____

17   ____  ____  _____      _____

18   ____  ____  _____      _____

19   ____  ____  _____      _____

20   ____  ____  _____      _____

21   ____  ____  _____      _____

22   ____  ____  _____      _____

23   ____  ____  _____      _____

24   ____  ____  _____      _____

25   ____  ____  _____      _____
```