# EXHIBIT 10

```
 1            IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
                             STATE OF OKLAHOMA
 2

 3

 4       STATE OF OKLAHOMA,                    )
                                               )
 5                                             )
                                               )
 6         vs.                                 )     CASE NO. YO-2011-1
                                               )
 7                                             )
         SHARONICA RENEE CARTER,               )
 8                   Defendant.                )

 9

10

11

12                          TRANSCRIPT OF PROCEEDINGS

13                        Held on September 22, 2011

14                  Before the Honorable Curtis L. DeLapp

15                               District Judge

16

17

18       APPEARANCES:

19          AARON PEMBLETON, Assistant District Attorney,
         Washington County Courthouse, 420 South Johnstone,
20       Bartlesville, Oklahoma, 74003, appeared on behalf of the
         State of Oklahoma.
21          KRISTI SANDERS, Attorney at Law, 415 S.E. Dewey, Ste.
         302, Bartlesville, Oklahoma, 74003 appeared on behalf of
22       Sharonica Renee Carter.

23

24                          Laurie A. Hoyt, C.S.R.
                          420 South Johnstone, Rm. 318
25                        Bartlesville, Oklahoma  74003

                            DISTRICT COURT OF OKLAHOMA
                               OFFICIAL TRANSCRIPT
```

```
 1                     P R O C E E D I N G S
 2               THE COURT:  Okay.  Ms. Carter, your mother
 3    may be on the way here.  I don't know.  Have you talked to
 4    her?
 5               SHARONICA CARTER:  Yeah.  Yes, sir, I just
 6    talked to her.
 7               THE COURT:  Where was she at?
 8               SHARONICA CARTER:  She said like coming down
 9    the street.  She was looking for parking.
10               THE COURT:  Okay.  Maybe she'll get up here
11    while we do some preliminary stuff first.
12               This is State of Oklahoma versus Sharonica Renee
13    Carter, YO-11-1.  Ms. Carter had previously entered a plea
14    in this particular case and was passed -- that was
15    August 11, I believe, and it was passed while a PSI was
16    being done.  That's been filed on September 12th.  There's
17    a copy of the presentence investigation.  There's also
18    attached to that I believe -- yes, a psychological
19    evaluation by Curtis Grundy.  And there's also an
20    individual treatment and service plan that's attached.
21               Any corrections or additions to the report,
22    Mr. Williams?
23               MR. BOB WILLIAMS:  No, Your Honor.
24               THE COURT:  Ms. Sanders, we have -- you
25    received a copy of all this stuff on behalf of your client.
```

```
 1    Any corrections or additions on those things?
 2              MS. SANDERS:  No, Your Honor.  And I did
 3    receive copies.
 4              THE COURT:  They are recommending -- I think
 5    what we're arguing about at this time was there was a
 6    difference between a ten-year suspended sentence and
 7    five-year suspended sentence.  Is that -- if I recall, is
 8    that right, Ms. Sanders?
 9              MS. SANDERS:  Yes, Judge.  I'm asking for
10    some type of deferred sentence if that's even possible
11    under the Youthful Offender Act.  I did a little bit of
12    research and didn't find anything that said it wasn't, but
13    I also didn't find anything saying that it was possible.
14    Or, if the court is more inclined to go for a longer period
15    of time -- I understand -- I did look through the statute.
16    I did look through the statutes and there is a procedure to
17    have this expunged and that type of thing even if it is a
18    suspended sentence.  But in Sharonica's case, because of
19    her age and because of the facts and circumstances is why I
20    was asking for a shorter period of time or a deferred
21    sentence, Judge.
22              THE COURT:  And just coming in is mom.  You
23    are who, sir?
24              SPECTATOR:  Uncle.
25              THE COURT:  Tell me your name.
```

```
 1                    SPECTATOR:  Franco Carter.
 2                    THE COURT:  Thank you.  And you are, ma'am?
 3                    SPECTATOR:  Sister.
 4                    THE COURT:  Tell me your name.
 5                    SPECTATOR:  Akilia Carter.
 6                    THE COURT:  And on behalf of state.
 7                    MR. PEMBLETON:  Your Honor, I would object
 8     to a deferred sentence.  Ms. Carter has had several
 9     previous cases, including assault and battery and
10     possession of firearm on school property.  Those were both
11     in '08.  And given the facts of this case where a firearm
12     was used in an attempt to -- an attempted robbery, the
13     state believes that it is proper for a ten-year on a YO
14     case where if Ms. Carter goes through the rehabilitation
15     program the rest of that time would be suspended.  If not,
16     the state would be able to bridge that sentence over into
17     the adult system.
18                    THE COURT:  Ms. Carter is currently 16.  Her
19     birthday is ▮▮▮▮▮▮▮▮▮   Is that correct?
20                    MS. SANDERS:  Yes, sir.
21                    THE COURT:  And according to the statute
22     there has been a report done.  The court has reviewed the
23     PSI and finds -- well, the court shall conduct a hearing
24     and shall consider, with the greatest weight given to the
25     subparagraphs A and B, which is whether the offense was
```

1    committed in an aggressive, violent, premeditated or
2    willful -- well, there is a finding that there was,
3    according to the report -- and also it is a violent crime
4    under the Title 57, 571.  In fact, I believe it's also an
5    85 percent crime.  And then whether it was against a
6    person, which it was committed against a person.  There was
7    an attempted robbery.
8            The record, as stated, she's had -- been
9    adjudicated as delinquent in JDL-2008-498, Tulsa County,
10   for assault and battery.  And again for the offense of
11   possession of a firearm on school property in JDL-2008-1688
12   while she was on probation.  Those cases were closed.
13           It does factor in, at least for this court, now
14   that she has another crime with a firearm in this
15   particular case.  She also had a petition that was filed
16   but was dismissed by the state in Tulsa and then -- or
17   there was something pending.  I think it's still currently
18   pending, Mr. Williams?
19           MR. BOB WILLIAMS:  I believe there's two
20   cases pending in Tulsa County, Your Honor.
21           THE COURT:  When is her court dates on those
22   or do we have court dates on those?
23           MR. BOB WILLIAMS:  I don't know that there's
24   a court date.  I think they're waiting to see the outcome
25   of this case, Your Honor.

1           THE COURT:  I have reviewed also
2    Dr. Grundy's report.  The way I understand that, once she
3    has been adjudicated and found to be a youthful offender,
4    which she's going to be, she would remain in the custody of
5    O.J.A.  They would be the supervisor until she's turns 18.
6    If the court sets a sentence beyond 18 she is to come back.
7    And the statute says that if the individual sentenced
8    youthful offender attains 18 years of age prior to the
9    expiration of sentence, the individual shall be returned to
10   the sentencing court and at that time the court makes the
11   determination on what to do.
12          So to answer the question I believe -- I don't
13   know of any prohibition for a deferred sentence in a
14   juvenile youthful offender case.  It sets out there that
15   the court shall impose a sentence subject to the same type
16   of sentencing procedures and duration, except for capital
17   cases, including suspension or deferment as an adult
18   convicted of a felony offense.
19          The issue in this case though is with
20   Ms. Carter's priors, particularly the gun charge, the court
21   is not going to defer her sentence in this particular case.
22   The court is going to put her on a suspended sentence in
23   this particular case.  I'm going to put her on a five-year
24   suspended sentence.  It would include a 1,000-dollar fine,
25   a 250-dollar VCA, the court costs, the penalty assessments.

```
 1    Is there any restitution?  I don't think there is.
 2                 MS. SANDERS:  I don't think there is that
 3    I'm aware of.  Unless there was something as to the vehicle
 4    or something.
 5                 MR. PEMBLETON:  I do not believe there was
 6    damage to the vehicle.  I believe it was just the
 7    footprint.
 8                 MS. SANDERS:  That was my understanding.  I
 9    don't know if they've made some type of a claim.
10                 THE COURT:  It's my understanding also,
11    pursuant to the statute, that any period of probation is,
12    as I said, the Office of Juvenile Affairs or designated
13    representative, if the youthful offender is under 18 years
14    of age, would be the supervising agency obviously.
15         I would include that she complete, substantially
16    complete, her RID plan of rehabilitation, that she complete
17    a hundred hours of community service.  And I would order --
18    is it Demetra?
19                 DEMETRA CARTER:  Yes, sir.
20                 THE COURT:  To participate in Sharonica's
21    rehabilitative treatment.  She understands at this point in
22    time, being sentenced, she has the appeal rights under the
23    youthful offender to appeal that are set out here to
24    appeal.  To withdraw your plea of guilty, you have to do
25    that within ten days of today and you must do that in
```

1  writing.  If you did that I'd have to hold a hearing within
2  30 days.  If I denied your request you'd have the right to
3  appeal to the Court of Criminal Appeals within 90 days.
4  You would also have the right to be represented on appeal
5  obviously by a court appointed attorney and a record and
6  transcript at public expense.  Do you understand these
7  rights to appeal, Ms. Carter?
8              SHARONICA CARTER:  Yes, sir.
9              MS. SANDERS:  Those are the rights we went
10 over last time.
11             THE COURT:  Have you understood all the
12 questions that I've asked you today and the last time you
13 were here in particular?  You understand those?
14             SHARONICA CARTER:  Yes, sir.
15             THE COURT:  Have your answers been freely
16 and voluntarily given?
17             SHARONICA CARTER:  Yes, sir.
18             THE COURT:  All right.  She needs to sign
19 that acknowledging that she understands her appeal rights.
20 We want to set a six-month review at this point in time.
21             MS. SANDERS:  Would it be possible to set it
22 sooner than that, approximately the January timeframe or
23 February.
24             THE COURT:  I have no problem doing that.
25             MS. SANDERS:  She's already -- as the report

1   indicated, she's already attended several voluntary groups
2   including the anger group and the girls circle group.
3   Sharonica is telling me that any group that they let her
4   attend she attends.  So I encouraged her to continue that
5   kind of attitude and to do well in this program.
6              MR. PEMBLETON:  Your Honor, can we have that
7   January 19th then?
8              MS. SANDERS:  That would be fine.
9              THE COURT:  19th of January at 10:00 o'clock
10  for review.
11          Do you have any questions today, Ms. Carter?
12             SHARONICA CARTER:  No, sir.
13             THE COURT:  Any questions?
14                  (NO RESPONSE.)
15             THE COURT:  All right.  Anything further
16  from the state?
17             MR. PEMBLETON:  No, Your Honor.
18  -------------------------------------------------------------
19                  (END OF PROCEEDINGS.)

DISTRICT COURT OF OKLAHOMA
OFFICIAL TRANSCRIPT

# C E R T I F I C A T E

STATE OF OKLAHOMA     )
                      ) ss:
COUNTY OF WASHINGTON  )

I, Laurie A. Hoyt, C.S.R., Certified Shorthand Reporter, within and for the State of Oklahoma, do hereby certify that on September 22, 2012, before the Honorable Curtis L. DeLapp, I stenographically reported the proceedings had and the evidence given, and the above and foregoing is a true, correct, and complete transcript of the proceedings had and the testimony given, together with the objections of counsel and the ruling of the Court thereto, taken at said time and place, to the best of my ability.

WITNESS my hand and seal this _____ day of _____, 2020.

_____
LAURIE A. HOYT, C.S.R.

DISTRICT COURT OF OKLAHOMA
OFFICIAL TRANSCRIPT