## APPENDIX OF UNPUBLISHED AUTHORITY IN MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

*Miller v. City of Konawa*, No. 17-CIV-115-JHP, 2017 WL 6328943 (E.D. Okla. Dec. 11, 2017)

Case 4:19-cv-00234-JAR-CDL Document 103-42 Filed in USDC ND/OK on 02/22/21 Page 2 of 5

Miller v. City of Konawa, Not Reported in Fed. Supp. (2017)
2017 WL 6328943, 2017 IER Cases 442,129

2017 WL 6328943
United States District Court, E.D. Oklahoma.

(1) Janesa K. MILLER, Plaintiff,
v.
(1) CITY OF KONAWA, a municipality, and (2) James Blackwood, an individual, Defendants.

Case No. 17–CIV–115–JHP
|
Signed 12/11/2017

**Attorneys and Law Firms**

Patricia A. Podolec, Foshee & Yaffe Law Firm, Oklahoma City, OK, for Plaintiff

Ambre C. Gooch, Alison Levine, Jordan L. Miller, Ambre C. Gooch, Collins Zorn & Wagner, PC, Oklahoma City, OK, Chantel P. James, David W. Kirk, Robert Ray Jones, Jr., Lytle Soule & Curlee, PC, Oklahoma City, OK, for Defendants.

**OPINION AND ORDER**

James H. Payne, United States District Judge Eastern District Of Oklahoma

 *1  Before the Court are Defendant City of Konawa's Partial Motion to Dismiss ("Defendant") [Doc. No. 33], Plaintiff's Response [Doc. No. 36], and Defendant's Reply [Doc. No. 41]. After consideration of the briefs and for the reasons set forth in this Opinion and Order, Defendant's Partial Motion to Dismiss is **DENIED**.

**BACKGROUND**

Plaintiff Janesa K. Miller ("Plaintiff") brings this action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, the Oklahoma Anti–Discrimination Act, 42 U.S.C. § 1983, and the Constitution of the State of Oklahoma. Plaintiff's administrative remedies were fully exhausted on August 10, 2016, when she received her "Notice of Rights" letter from the Equal Employment Opportunity Commission. [Doc. No. 2–2]. Plaintiff timely filed her action in the District Court of Seminole County, State of Oklahoma, which was removed pursuant to 28 U.S.C. § 1441 et seq. Defendant Blackwood provided consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A) [Doc. No. 7].

On April 7, 2017, Defendant moved for partial dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint failed to state a claim under Title VII, the Oklahoma Anti–Discrimination, 42 U.S.C. § 1983, and the Oklahoma State Constitution [Doc. 33]. Plaintiff submitted a Response on April 21, 2017 [Doc. 36], and Defendant submitted a Reply on May 5, 2017 [Doc.41].

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 12(b)(6), a Motion to Dismiss can be granted on the basis that Plaintiff fails to state claims upon which relief may be granted. In a Rule 12(b)(6) analysis, courts "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk v. Schneider*, 493 F.3d 1174 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The allegations themselves need not be plausible, "rather it means that relief must follow from the facts alleged." *Miles*, 2009 WL 259722 at *2 (citing *Robbins v. Oklahoma*, 518 F.3d 1242, 1247 (10th Cir. 2008). Under *Twombly*, the factual allegations need only to "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988). Each disputed claim will be address in turn.

**I. Constitutional Rights Under 42 U.S.C. § 1983**

Defendant first contends Plaintiff's cause of action for violations of her Equal Protection and Free Speech rights under 42 U.S.C. § 1983 is without merit because the Tenth Circuit does not recognize a § 1983 claim based on a violation of Title VII and because Plaintiff's speech was not a matter of public concern.

Case 4:19-cv-00234-JAR-CDL   Document 103-42   Filed in USDC ND/OK on 02/22/21   Page 3 of 5

Miller v. City of Konawa, Not Reported in Fed. Supp. (2017)
2017 WL 6328943, 2017 IER Cases 442,129

### A. Fourteenth Amendment Equal Protection Claim.

*2 Defendant City of Konawa does not appear to claim that Plaintiff Miller's pleadings for her cause of action of a Fourteenth Amendment violation do not give Defendant City of Konawa sufficient notice to give it fair notice of her claims and the grounds upon which it rests, but that no such cause of action exists in the Tenth Circuit and Plaintiff's claim must be dismissed as a matter of law [Doc. 33 at 3][1]. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Defendant City claims, however, that no such cause of action exists in the 10th Circuit and this claim must be dismissed as a matter of law, citing to *Long v. Laramie County Community College District*, 840 F.2d 743, 752 (10th Cir. 1988), *McCue v. State of Kan., Dept. of Human Resources*, 938 F. Supp. 718, 726 (D. Kan. August 8, 1996); *Houck v. City of Prairie Village, Kan.*, 912 F. Supp. 1438, 1443 (D. Kan. 1996). Plaintiff claims a cause of action exists under § 1983 based independently of her Title VII claim, based on the deprivation of Plaintiff's right to Equal Protection under the laws.

[1] Page numbers reference the Defendant City's page numbers in its Brief.

Defendants have misconstrued the holding in *Long*, as Plaintiff correctly points out. The court in *Long* had before it a question as to whether § 1985 supports a viable claim for retaliatory conduct. Here, Plaintiff has brought her claim under § 1983, not § 1985. While, the court in *Long*, also said that "theory of liability for retaliatory conduct" does not come within § 1983, Plaintiff is not alleging a theory of liability under § 1983, but a violation of her rights secured by federal statutory and constitutional law. *Long*, 840 F.2d at 752. The Tenth Circuit has also held, in a case cited in *Long*, that "Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Tafoya v. Adams*, 816 F.2d 555, 557–58 (10th Cir. 1987). As the Tenth Circuit held in *Starret v. Wadley*, "[i]f a plaintiff can show a constitutional violation by someone acting under color of state law, then the plaintiff has a cause of action under Section 1983, regardless of Title VII's concurrent application." *Starret v. Wadley*, 876 F.2d 808, 814 (10th Cir. 1989). The *Starrett* court specifically held "that sexual harassment of the sort alleged by plaintiff can violate the Fourteenth Amendment right to equal protection of the laws." *Starrett v. Wadley*, 878 F.2d 808, 814 (10th Cir. 1989).

Plaintiff has pled that the City Manager discharged her stating that it was because of her complaint of sexual harassment.

[Doc. 26, ¶ 22]. As the court in *Starrett* said, "we conclude that Wadley's act of firing plaintiff was an act of the County because Wadley had final authority to set employment policy as to the hiring and firing of his staff." Plaintiff has alleged that the City Manager fired her because she had brought a claim of sexual harassment. *Id.* Accordingly, Plaintiff has sufficiently alleged violation of her Equal Protection rights under 42 U.S.C. § 1983 against the City separate from Plaintiff's claims of violations of Title VII, and accordingly Plaintiff's claims under § 1983 for a Fourteenth Amendment violation should be allowed to proceed.

### B. First Amendment Free Speech Claim.

Further, this Court disagrees that Plaintiff's claims for violation of Plaintiff's First Amendment rights should be dismissed. Plaintiff claims retaliation for protected speech under the First Amendment. The Tenth Circuit recognizes five elements of a First Amendment retaliation claim:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*3 *Trant v. Oklahoma*, 754 F.3d 1158, 1165 (10th Cir. 2014) (citing *Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir. 2009). Only "[t]he first three elements are issues of law for the court to decide, while the last two are factual issues typically decided by the jury." *Id.* Here, Defendant contends that dismissal is proper because the speech was not a matter of public concern. [Doc. 33 at 3]. Specifically, Defendant contends that Plaintiff's speech regarding sexual harassment to her supervisor is an internal personnel dispute and thus not a matter of public concern.

It would be improper at this stage of litigation to determine if Plaintiff's speech was a matter of public concern. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the *whole record.*" *Connick v. Myers*, 461 U.S. 138 (1983) (emphasis added). It is clear that the Tenth Circuit recognizes that "[s]peech which discloses any evidence of corruption, impropriety, or other malfeasance on the party of the city ... clearly concerns matters of public

Case 4:19-cv-00234-JAR-CDL Document 103-42 Filed in USDC ND/OK on 02/22/21 Page 4 of 5

Miller v. City of Konawa, Not Reported in Fed. Supp. (2017)
2017 WL 6328943, 2017 IER Cases 442,129

import." *Dill v. Edmond,* 155 F.3d 1193 (10th Cir. 1998). Given that "[i]t can be difficult to draw 'the thin line between a public employee's speech which touches on matters of public concern, and speech from the same employee which only deals with personal employment matters' " it would be premature to dismiss Plaintiff's claim of First Amendment Retaliation before a record has been developed. *Oleynikova v. Bicha,* 453 Fed.Appx. 768, 774 (10th Cir. 2011) (quoting *Schalk v. Gallemore,* 906 F.2d 491, 495 (10th Cir. 1990). At this initial Motion to Dismiss stage, it is premature for the Court to rule until the record is fully developed. Defendant City may re-urge this argument at the Summary Judgment stage.

**II. Violation of Plaintiff's Rights Under the Oklahoma Constitution**

In her fourth cause of action, Plaintiff has alleged a violation of her constitutional rights under the Oklahoma Constitution. [Doc. 26 at 6]. Specifically, Plaintiff alleges violation of Oklahoma Constitution Art. II, § 2 (right to enjoyment of the gains of her own industry); Art. II, 7 (due process under the law); Art. II, § 22 (freedom of speech); and Art., II, § 36A (right to not be discriminated against on the basis of sex.) *Id.* Plaintiff alleges that Defendant City violated the Oklahoma Constitution by terminating her employment because she made a complaint of sexual harassment. *Id.* Plaintiff claims she has a private cause of action based on *Bosh v. Cherokee Bldg. Auth.*, 2013 OK 9, 305 P.3d 994 (Okla. 2013).

Defendant argues that Plaintiff does not have a viable claim under these provisions of the Oklahoma Constitution under *Bosh.* [Doc. 33 at 5]. Defendant City argues that *Bosh* only "recognized a private cause of action for excessive force solely for arrestees and pre-incarcerated detainees[.]" *Id.* Defendant also cited to *Perry v. City of Norman,* 2014 OK 119, 341 P.3d 689, *Howard v. Grady County Criminal Justice Authority,* 2017 OK CIV APP 7; *Sanders v. State of Oklahoma ex rel,* 2016 WL 1737135 (W.D. Okla. May 2, 2016. Defendant also claims that Plaintiff had an available remedy to bring suit under Oklahoma's Anti–Discrimination Act (OADA), and thus, a *Bosh* claim is not available. Defendant did not address Plaintiff's argument that a new case, *Deal v. Brooks,* 2016 OK CIV APP 81, 389 P.3d 375 (Thornbrugh, P.J., concurring specially) (approved for publication and accorded precedential value by the Oklahoma Supreme Court, *Deal v. Brooks,* 2016 OK 123), expanded the scope of a *Bosh* claim to other constitutional claims. [Doc. 36 at 10].

**\*4** *Bosh* created a private cause of action in a jail context for excessive force claims; however, *Bosh* has not been limited to that context. In *Deal,* the court recognized that *Bosh* stood for allowing causes of action beyond its original context. Accordingly, courts now first look to see if relief is barred by the OGTCA, and, if relief is barred, the court then determines whether "genuine disputes of material fact exist as to whether a constitutionally cognizable harm exists. *Id.* ¶ 33.

Defendant Blackwood, for the purposes of the Oklahoma Governmental Tort Claims Act (OGTCA), is considered an employee of Defendant City. Okla. Stat. tit. 51, § 152(7)(a)(1) ("Employee also includes; (1) all elected or appointed officers[.]"). When an employee, however, under the OGTCA acts outside his scope of employment, the OGTCA does not apply. *Pellegrino v. State ex rel. Cameron Univ.*, 2003 OK 2, ¶ 18, 63 P.3d 535. Although, for the purposes of OGTCA, Defendant Blackwood is considered an employee of Defendant City, he is not considered an employee under Title VII. *See* 42 U.S.C. § 2000e(f) ("[T]he term 'employee' shall not include any person elected to public office in any State or political subdivision[.]"). Plaintiff alleges that Defendant Blackwood sexually harassed her. If Plaintiff is able to support this, then Defendant Blackwood was acting outside the scope of his employment under the OGTCA. *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1417–18 (10th Cir. 1987) ("[s]exual harassment simply is not within the job description of any supervisor or any other worker in any reputable business.").

Defendant also alleges that Plaintiff could bring a cause of action under the OADA for sexual harassment against the City, and thus a *Bosh* claim is not available. Plaintiff, however, has brought more than a constitutional claim for sexual discrimination against Defendant City. She has also alleged that Defendant City violated the Oklahoma Constitutional protections for the right to enjoyment of the gains of her own industry, due process, and freedom of speech.

Plaintiff alleges that she could only be discharged "for the good of the service," under Oklahoma law. [Doc. 26 at 11]. Instead, she alleges she was discharged by the City Manager because she brought a sexual harassment complaint. While the constitutional complaint related to sexual harassment may not stand under the *Bosh* and *Deal* standard, in taking her allegations as true, which we must at this Motion to

Case 4:19-cv-00234-JAR-CDL   Document 103-42   Filed in USDC ND/OK on 02/22/21   Page 5 of 5

Miller v. City of Konawa, Not Reported in Fed. Supp. (2017)
2017 WL 6328943, 2017 IER Cases 442,129

Dismiss stage, the Defendant City could be found to have violated her protections under her freedom of speech, right to enjoyment of the gains of her own industry and due process. Defendant City cites to a case from our sister court in the Northern District of Oklahoma, *Langkamp v. Mayes Emergency Services Trust Authority*, Case No. 16–CF–0676–CVE, for the holding that *Bosh* nor *Deal* cannot be extended far enough to cover other constitutional cause of action. The court in *Langkamp*, though, incorrectly noted that *Deal* was not precedential for Oklahoma law. *Deal* was accorded precedential authority by the Oklahoma Supreme Court in *Deal v. Brooks*, 2016 OK 123. Thus, its holding that a plaintiff could bring a substantive due process claim under article II, section 7 of the Oklahoma Constitution must be considered. In Judge Thornbrugh's concurring opinion, he noted that "If an act is forbidden to the King, it may not be carried out by those acting on behalf of the King." He cited to *Bosh*, when he commented: "First, I emphasize the clear fact that the Okahoma Constitution and its protections and restraints on state power are *above the statutory law*. Imposing no penalty for state-sponsored violations of fundamental constitutional rights would allow the state to act with complete impunity." *Deal*, 2016 OK CIV APP 31, ¶ 1 (concurring opinion, Thornbrugh, P.J.).

**\*5** Defendant City also cites a new case from the Tenth Circuit, *Jones v. Needham*, 2017 WL 1959972 (10th Cir. 2017), however, the facts of that case are inapposite here. In *Jones*, the Plaintiff brought a tort claim against his private employer for tortious interference. *Id.* at \*5. The Tenth Circuit found that the elements of his claim for tortious interference were remarkably similar to the elements of a quid pro quo form of sexual harassment. *Id.* In determining this, however, the court noted that the same facts could apply to two different legal theories "that are sufficiently distinct so as not to be precluded by the OADA." *Id.* The elements of Plaintiff's constitutional violations, at least for due process, freedom of speech, and entitlement to the gains of her own industry, are not based on the same elements as her discrimination complaint, but on the basis that she was discharged in violation of state law, in that she could only be discharged "for the good of the service."

Here, Plaintiff has alleged sufficient facts that she was denied redress under the OGTCA and that her constitutionally protected rights were violated either knowingly or recklessly. Accordingly, Plaintiff's *Bosh* claims will not be dismissed.

## CONCLUSION

For the reasons detailed above, the partial Motion to Dismiss filed by the Defendant City of Konawa [Doc No. 33] is **DENIED.**

**IT IS SO ORDERED** this 11th day of December, 2017.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 6328943, 2017 IER Cases 442,129

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.   4