IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA FEENSTRA; SHARONICA CARTER; and LONNIE FEENSTRA<br><br>Plaintiffs,<br><br>v.<br><br>JARED SIGLER, Special Judge of the District Court of Washington County, in his official capacity, *et al.*,<br><br>Defendants. | Case No.: 19-cv-234-JFH-CDL<br><br>(Removed from Washington County Case No. CV-2019-12) |

## OIDS DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiffs' claims are premised on the assumption they have a Constitutional right to counsel at post-conviction cost review dockets, which is incorrect. The cost review dockets are non-criminal and non-adversarial hearings. The rules governing these matters specifically prohibit incarceration unless the defendant is financially able but refuses or neglects to pay the fine, cost, fee, or assessment. See Rule 8.1 to 8.8; 22 O.S. §983. Plaintiffs seek fundamental change to how indigents receive criminal defense and how the Oklahoma Indigent Defense Act (OIDA) is interpreted.

There are three reasons to grant summary judgment to OIDS:

1. There has been no evidence that any conflict of interest existed such that representation was impacted;
2. Modifying how OIDS pays its contractor attorneys will provide no relief to these Plaintiffs; and
3. Plaintiffs' claims are time barred.

Plaintiffs challenge the following provision of the OIDA:

> 2. Attorneys paid for indigent defense pursuant to paragraph 1 of this subsection shall receive the balance of ten percent (10%) of the total value of the contract upon completion of all felony and misdemeanor matters covered by the contract. A **matter is completed for purposes of this paragraph when no additional services are required under the contract**. The Board, upon recommendation of the Executive Director, may, however, authorize partial payments on a quarterly basis of the amount retained as reasonable compensation for those matters which were completed during the prior quarter. The system may transfer the amount retained from the total value of the contract pursuant to this subsection to the Contract Retention Revolving Fund created by Section 1369 of this title.

(emphasis added) 22 O.S. §1355.89.  The entire claim falls upon the determination of when a matter is deemed completed.  OIDS considers representation "complete" when the time for direct appeal has run.  Plaintiffs argue "complete" is when an individual's cost review dockets are fully complete.  For the reasons outlined in OIDS motion for summary Judgment and set forth below, summary judgment is appropriate for the OIDS Defendants.

## PLAINTIFFS HAVE PROVIDED NO EVIDENCE OF ANY CONFLICT OF INTEREST

Plaintiffs assume with no evidence that a conflict existed.  Plaintiffs' response states:

> **THE OIDS DEFENDANTS HAVE NOT ESTABLISHED THAT THE CONFLICT CREATED BY OIDS HAD NO EFFECT ON REPRESENTATION.**

[Dkt. 111 at 22].  This heading and following argument ignores the fact that Plaintiffs have zero evidence a conflict existed.  Plaintiffs have continually "alleged" this conflict but have produced nothing supporting its existence. Now, in response to summary judgment they provide conclusory allegations alone in an attempt to prove a conflict.  *L&M Enterprises,*

*Inc. v. BEI Sensors & Sys. Co.,* 231 F.3d 1284, 1287 (10th Cir. 2000) "Unsupported conclusory allegations thus do not create a genuine issue of fact."

Only now, in this litigation do Plaintiffs disavow the plea agreements they made. Both plea agreements state these Plaintiffs understood the nature and consequences of the proceedings. Both plea agreements say that the defendants were satisfied with their counsel. Both plea agreements state that these Plaintiffs were effectively assisted by counsel. Both plea agreements outline a full range of sentences for the charged crimes. In Plaintiff Feenstra's case, she faced a potential life in prison and fines of $130,000.00. Plaintiff Carter faced life in prison and $10,000 fine. [Dkt. 102, Ex. 2-3, Ex 16]. Yet, now they claim the comparatively minor fees and costs would have caused them to reject the plea agreement. Were this testimony submitted as an affidavit in response to the Motion for Summary Judgement, it could be disregarded as a sham affidavit submitted to create a question of fact. See *Tortorelli v. Mercy Health Ctr., Inc.*, 242 P.3d 549, 561 (OK CIV APP 2010).

The central complaint of the Plaintiffs is that OIDS contracted attorneys failed to advise them prior to the plea bargain of the imposition of fines, fees, and costs because the attorneys wanted to collect the final 10% of the OIDS contract. [Dkt. 111 at 19]. To prevail, Plaintiffs must present some evidence that these private attorneys withheld advice **because** of a desire to rush the case to completion. If they withheld this advice for some other reason, then there would be no case as to the OIDS Defendants. Plaintiffs testified they have no idea about the payment structure required by the OIDA. This key fact shows that these plaintiffs do not have any evidence that this financial structure impacted the

representation in any way. Plaintiffs offer no evidence, be it via testimony, affidavit, or some other documentation, which would even tend to suggest these attorneys withheld advice because they wanted to complete these cases quicker. Because plaintiffs fail to present any evidence to this Court that these attorneys withheld advice to rush the case to completion, summary judgment is proper.

### PLAINTIFFS PROPOSAL FAILS TO PROVIDE ANY RELIEF TO THESE PLAINTIFFS

Plaintiffs claim the "discrete injury" a declaratory judgment would provide is a response to prospective employers who might review plaintiffs court file. Such relief is wholly speculative. A declaratory judgment that might guide third parties is insufficient to obtain declaratory relief. *Jordan v. Sosa*, 654 F.3d 1012, 1026 (10th Cir. 2011).

Plaintiffs argue that the relationship between OIDS and the plaintiffs is ongoing such that a declaratory judgment would impact the behavior of OIDS towards the plaintiffs. This is an incorrect statement of the current law. Pursuant to the OIDA, OIDS current representation ended for these plaintiffs when the time to appeal their convictions ran. OIDS has no legal obligation to these Plaintiffs.

### THE STATUTE OF LIMITATIONS ON PLAINITFFS CLAIM HAS RUN

The central complaint of the Plaintiffs is that OIDS contracted attorneys failed to advise them prior to the plea bargain of the imposition of fines, fees, and costs. [Dkt. 111 at 19; Dkt. 66 at paragraph 778] Plaintiff Feenstra entered her plea in April 2015. Plaintiff Carter entered her plea in 2011. These Plaintiffs knew at that point they would be assessed fines, fees, and costs. Even assuming these Plaintiffs did not know at the time of their pleas

about the imposition of fines, fees, and costs, they certainly knew when they appeared and agreed to payment plans. Plaintiff Feenstra agreed to her payment plan in February 2017. Plaintiff Carter agreed to her payment plan in 2013. The case was filed on March 21, 2019 making the key date March 21, 2017.

Plaintiffs confess the applicable statute of limitations is two years. Plaintiffs raise the fact that the Court denied dismissal based upon the statute of limitations. However, at the Motion to Dismiss stage, Defendants were not allowed to introduce additional factual support for these claims.

Plaintiffs argue that many acts and omissions by OIDS occurred after March 21, 2017. This argument ignores the central complaint advanced by Plaintiffs. The Amended Complaint [Dkt. 66, paragraphs 76-78] alleges that the 10% holdback provision created a conflict causing OIDS appointed attorneys seek to close out cases quickly and not advise Plaintiffs of issues related to fines, fees, and costs. By definition, the advice Plaintiffs seek would have had to occur well before March 21, 2017. Plaintiffs were well aware of the total fines, fees, and costs before March 21, 2017. The statute of limitations ran on Plaintiffs' claims and summary judgment is proper.

## **CONCLUSION**

Plaintiffs seek fundamental change based upon unsupported allegations. No evidence of any conflict has ever been shown. Plaintiffs entire case is premised upon conclusory allegations. The plea agreements were entered under oath before judges and specifically advised the plaintiffs that fines, fees, and costs were being imposed. The

Plaintiffs never appealed those fines, fees, and costs. Now, they want this Court to rescue them years later. For these reasons, summary judgment is proper.

Respectfully submitted,

/s/Jon Williford
**Jon Williford, OBA 19598**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:   (405) 521-3921
Facsimile:   (405) 521-4518
Email: jon.williford@oag.ok.gov
*Attorney for OIDS Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day April, 2021, I electronically transmitted the foregoing document via ECF filing system and to the following:

| | |
|---|---|
| J. Spencer Bryan<br>Steven J. Terrill<br>Bryan & Terrill Law, PLLC<br>3015 E. Skelly Dr., Ste. 400<br>Tulsa, OK 74105<br>sjterrill@bryanterrill.com<br>*Attorneys for Plaintiffs* | Michael Lacovara<br>Lilia Vazova<br>Latham & Watkins, LLP<br>885 Third Avenue<br>New York, NY 10022<br>Michael.Lacovara@lw.com<br>Lilia.Vazova@lw.com<br>*Attorneys for Plaintiffs* |
| Leah Watson<br>Myesha Braden<br>Lawyers Committee for<br>Civil Rights Under Law<br>1500 K Street NW, Ste 900<br>Washington D.C., 20005<br>lwatson@lawyerscommittee.org<br>mbraden@lawyerscommittee.org<br>*Attorneys for Plaintiffs* | Devan Pederson<br>Stefanie Lawson<br>Assistant Attorney General<br>Oklahoma Attorney General's Office<br>Litigation Section<br>313 NE 21st Street<br>Oklahoma City, OK 73105<br>Devan.pederson@oag.ok.gov<br>Stefanie.lawson@oag.ok.gov<br>*Attorney for Defendant State Judges* |

/S/ Jon Williford

6