**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMANDA FEENSTRA; SHARONICA CARTER; and LONNIE FEENSTRA<br><br>Plaintiffs,<br>v.<br><br>JARED SIGLER, Special Judge of the District Court of Washington County, in his official capacity*, et al.,*<br><br>Defendants. | **Case No.: 19-cv-234-JFH-CDL**<br><br>**(Removed from Washington County Case No. CV-2019-12)** |

**DEFENDANT STATE JUDGES' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

COME NOW, Defendant State Judges, by and through their attorneys of record, Assistant Attorneys General Stefanie E. Lawson and Devan Pederson, and file this Reply to Plaintiffs' Response [Doc. 110] to Defendants' Motion for Summary Judgment. [Doc. 102].

Summary judgement must be entered in favor of Defendants because Plaintiffs have failed to come forward with evidence showing any "ongoing" violations of federal law as necessary to invoke the *Ex Parte Young* exception to nonliability for official-capacity state actors sued under § 1983. Nor have Plaintiffs come forward with evidence sufficient to avoid summary judgment on the grounds of mootness. Here, Plaintiffs admit that after Judge DeLapp left the bench in August 2018, the Washington County District Court began changing its fines, fees, and costs system, [Doc. 102 at ¶34; Doc. 110 at ¶34] and that when Judge Thomas replaced Judge DeLapp in January of 2019, she also began reviewing the fines and costs procedures. [Doc. 102 at ¶¶35-36; Doc. 110 at ¶¶35-36]. Plaintiffs have come forward

with no meaningful evidence disputing the fact that criminal defendants are permitted at the time of sentencing to determine the amount of monthly installment payments they believe they can pay. Doc. 102 at ¶37(a). Plaintiffs admit that at sentencing defendants receive a brightly colored leaflet titled RULE 8 NOTICE OF HEARING, advising the defendant of their right to a Rule 8 hearing and that defendants are verbally advised by the court that if their financial situation substantially or permanently changes for any reason such that payment of fines, fees, or costs impose a financial hardship, the defendant has a right to a Rule 8 hearing. [Doc. 102 at ¶37(d); Doc. 110 at ¶37(d).] Plaintiffs further admit that as of January 2019—when Judge Thomas replaced Judge DeLapp as District Judge—no defendant has ever been incarcerated for failure to pay fines, fees, and costs. [Doc. 102 at ¶37(f); Doc. 110 at ¶37(f); Doc. 102 at ¶ 39; Doc. 110 at ¶39]. Further, Plaintiffs have come forward with no evidentiary material disputing the fact that since January 2019, Judge Sigler does not deny a motion for relief from fines, fees, or costs without inquiring into an individual's health and financial situation. [Doc. 102 at ¶44; Doc 110 at ¶44]. Nor are Plaintiffs able to show any instance in which Judge Sigler has denied fines, fees, or costs relief to any individual since January of 2019 at all. [Doc. 102 at ¶44; Doc 110 at ¶44]. And finally, Plaintiff Feenstra does not deny that she has been permanently relieved of her fines, fees, and costs nor that she has no further obligation to appear before the Washington County District Court with respect to those fines, fees, and costs. [Doc. 102 at ¶¶47-48; Doc. 110 at ¶¶47-48].

Plaintiffs' only quibbles with the current system in Washington County seem to be that the judges have not always added up the criminal defendants' fines, fees, and costs for them at the time of sentencing and that the judges do not ask the questions plaintiffs think they

should ask in order to determine ability to pay. But these are not violations, much less constitutional violations. The Constitution does not require a hearing before imposition of a repayment obligation for costs. *State v. Blank*, 131 Wash. 2d 230, 244–45, 930 P.2d 1213, 1221 (1997). In any event, ability-to-pay hearings at the time of sentencing would be premature. *See Nesbitt v. State*, 2011 OK CR 19, 255 P.3d 435, 441 ("We have consistently ruled that challenging cost assessments based on inability to pay is premature pending some attempt to collect them"). Furthermore, neither the U.S. Constitution nor state law require judges to ask an inflexible set of ability-to-pay questions. Rather, "due process 'is flexible and calls for such procedural protections as the particular situation demands.'"*Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 12, 99 S. Ct. 2100, 2106 (1979). Plaintiffs have cited no cases holding that Judge Sigler's practice of "inquiring into each individual's health and financial situation" conversationally rather than through a particular set of questions violates either the U.S. Constitution or Oklahoma law. [Doc. 102 at ¶44].

Even when a criminal defendant's liberty interest is a stake, the burden is on the *defendant* to prove that his noncompliance with a court order to pay costs, fines, and fees is due to inability to pay. *McCaskey v. State*, 1989 OK CR 63, 781 P.2d 836, 837; *see also Graff v. Aberdeen Enterprizes, II, Inc.*, No. 17-CV-606-TCK-JFJ, 2021 WL 951017, at *3 (N.D. Okla. Mar. 12, 2021) ("the law is clear that the burden is on a defendant to prove that his noncompliance with a court order to pay costs, fines, and fees was excusable"); *Tilden v. State*, 2013 OK CR 10, ¶ 7, 306 P.3d 554, 556 ("Once the State proves that a defendant has violated the terms and conditions of his probation by failing to make required payments, the burden shifts to the defendant to show that this failure to pay was not willful"); *Patterson v. State*, 1987 OK CR 255,

745 P.2d 1198, 1199 ("The responsibility to provide a reasonable excuse to the court for not paying restitution is upon the [criminal defendant]"). Even when liberty is at stake, the Constitution requires only that a court "consider the explanatory reasons ***offered by a defendant*** for their failure to pay." *Winbush v. State*, 2018 OK CR 38, ¶ 10, 433 P.3d 1275, 1279 (emphasis added). It does *not* require that that a court affirmatively "*inquire* and determine the reasons for the probationer's failure to pay." *Winbush*, 2018 OK CR 38, ¶ 10, 433 P.3d at 1279 (emphasis in original). Since this is all the Constitution requires when liberty is at stake, then, *a fortiori*, this is all the Constitution requires when property is at stake, *e.g.*, at a Rule 8 hearing to determine whether fines, fees, or costs payments should be reduced, suspended, eliminated, etc.

Therefore, in light of the changes the Washington County District Court has made in their fines, fees, and costs procedures and practices, in light of the fact that Ms. Feenstra will have no further interaction with any of the Defendants, and because Plaintiffs are unable to show any evidence of "ongoing" violation of federal law, Defendants are entitled to summary judgment because they are not "persons" under § 1983 and because Plaintiffs' claims are constitutionally and prudentially moot.

In their Motion for Summary Judgement [Doc. 102], Defendants pointed out that they are not "persons" under § 1983 because Plaintiffs are seeking only declaratory relief that Washington County Judges violated federal law in the past. [Doc. 102 at 15]. Defendants would be persons only to the extent Plaintiffs were seeking prospective relief by way of a declaration that Defendants are engaged in "ongoing" violations of federal law. *Id.* The *Ex Parte Young* exception to nonliability is "focused on cases in which a violation of federal law

by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past…". *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1189 (10th Cir. 1998). In their Opposition to Defendants' Motion for Summary [Doc. 110 at 28-29], the only cases Plaintiffs cite for the proposition that Defendants are "persons" under § 1983 are easily distinguishable because those cases—unlike the case at bar—involved "ongoing" violations of federal law. First, Plaintiffs cite *Pueblo of Santa Ana v. Nash*, 854 F. Supp. 2d 1128 (D.N.M. 2012). But in that case, the Plaintiffs were alleging that Judge Nash (a state judge) was violating federal law by exercising jurisdiction over "an ***ongoing*** state court judicial proceeding." *Pueblo of Santa Ana v. Nash*, 854 F. Supp. 2d 1128, 1141 (D.N.M. 2012) (emphasis added). Thus—unlike the case at bar—there was clearly an "ongoing" violation of federal law and no assertion that the claims were moot. Plaintiff's second and final case cited for the proposition that Defendants are "persons" for purposes of § 1983 liability is likewise flawed. In *Hershey v. Turner*, No. CIV-19-344-SPS, 2020 WL 1932911 (E.D. Okla. Apr. 21, 2020), the Plaintiff made a facial challenge to the defendants' written policy regarding free-speech activity. The policy at issue appeared to be the defendants' current written policy. And there was no suggestion that the claim was moot or that the defendants in that case had rescinded or altered the policy in any way. *Id.* Thus, Plaintiffs have cited no authority in which any court has exercised equitable declaratory power to grant relief against official-capacity state actors for violations of federal law unless the violation was "ongoing." What Plaintiffs are seeking is a declaration of past liability, not future rights between themselves and state judges. A declaratory judgment would serve no purpose here and thus, is not available. *See Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008) (unpublished) (declaratory judgment against

state judge for alleged past violation serves no purpose where plaintiff could file a motion in state court). Thus, the court should decline to invoke equitable declaratory relief against Defendants in the case at bar.

Plaintiffs' attempts to overcome mootness also fail. Under Article III, federal courts only have jurisdiction over actual cases and controversies in which relief can be granted. "With respect to injunctive relief and the question of mootness, '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *McKesson Corp. v. Hembree*, No. 17-CV-323-TCK-FHM, 2018 WL 4621833, *3 (N.D. Okla. Sept. 26, 2018) (quoting Beattie v. U.S., 949 F.2d 1092, 1094 (10th Cir. 1991) (quotation marks and citation omitted)). The party requesting relief must "demonstrate a good chance of being likewise injured in the future." *Id.* (quoting *Beattie*, 949 F.2d at 1093). "If an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed." *McKesson*, 2018 WL 4621833, *3 (quoting S. Utah Wilderness Alliance v. Smith, 110 F.3d 724, 727 (10th Cir. 1997)).

"'Generally, a claim for prospective injunction becomes moot once the event to be enjoined has come and gone.' *Citizen Ctr. v. Gessler*, 770 F.3d 990, 907 (10th Cir. 2014). A claim for declaratory relief that does not 'settl[e] . . . some dispute which affects the behavior of the defendant toward the plaintiff' is moot, *Rio Grande Silvery Minnow*, 601 F.3d at 1110 (quotations omitted), because it fails to 'seek[] more than a retrospective opinion that [the plaintiff] was wrongly harmed by the defendant,' *Jordan [v. Sosa]*, 654 F.3d [1012,] 1025 [(10th Cir. 2011)]." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019). Another instance

where mootness occurs is when there is a change in government official during the pendency of the action and the actions alleged were personal to that particular defendant or because the defendant can no longer comply with the remedy that may be ordered by the court. *Jordan v. Sosa*, 654 F.3d 1012, 1027 n.16 (10th Cir. 2011); 15 *Moore's Federal Practice* § 101.94[3]; *Spomer v. Littleton*, 414 U.S. 514, 520-21 (1974); *Mayor of City of Philadelphia v. Educ. Equal. League*, 415 U.S. 605, 622, 94 S. Ct. 1323, 1334 (1974) (Where there have been prior patterns of discrimination by the occupant of a state executive office but an intervening change in administration, the issuance of prospective coercive relief against the successor to the office must rest, at a minimum, on supplemental findings of fact indicating that the new officer will continue the practices of his predecessor.) Here, Judge Thomas's replacement of Judge DeLapp as District Judge moots Plaintiffs' claims because Plaintiffs are unable to point to any constitutional violations occurring after Judge Thomas took the bench in January of 2019.

"To constitute an exception to the mootness doctrine, it is not enough that an issue will escape review because of limited duration. It is also necessary that there be a reasonable expectation that the same complaining party [will] be subjected to the same action again." *McKesson Corp.* 2018 WL 4621833, *2 (quoting *U.S. v. Seminole Nation of Okla.,* 321 F.3d 939, 944 (10th Cir. 2002) (internal quotations and citation omitted)). However, courts generally presume that people will operate within the law and not be subject to arrest. *See O'Shea v. Littleton*, 414 U.S. 488, 497, 94 S. Ct. 669 (1974) ("We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners.").

Plaintiffs have indicated that they believe their claims are not moot because of the voluntary cessation exception to the mootness doctrine. "The voluntary cessation exception does not apply, and a case is moot, 'if the defendant carries "the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."'" *Prison Legal News*, 944 F.3d at 881 (footnotes and citations omitted). However, "[c]ourts may accord 'more solicitude' to government officials' claims that their voluntary conduct moots a case." *Id.* at 881 (quoting *Rio Grande Silvery Minnow*, 601 F.3d at 1116 n.15). "'[G]overnment self-correction provides a secure foundation for mootness so long as it seems genuine.' *Brown [v. Buhman]*, 822 F.3d [1151,] 1167-68 [10th Cir. 2016] (alterations and quotations omitted). And absent evidence the voluntary cessation is a sham, the mere possibility a successor official may shift course does not necessarily keep a case live. *See id.* at 1175 (explaining 'hypothetical' that a future government official could change a policy 'does not breathe life into an otherwise moot case')." *Prison Legal News*, 944 F.3d at 881. Here, Judge Sigler testified that the number of people he ever jailed for not paying fines and costs was "very few," and that he has not done this since 2017 or 2018. Sigler Dep. at 29:23 - 30:3; 30:8-10 [Doc. 103-2]. The decision not to jail defendants for failure to pay their fines fees and costs was made at some point after the resignation of Judge DeLapp in August of 2018. Sigler Dep. at 80:6-12 [Doc. 103-2]. Judge Sigler believed the practice needed to change "because people were struggling to make these payments, and them going to jail doesn't do anything to help them." Sigler Dep. at 80:13-18 [Doc. 103-2]. Since Judge Thomas' arrival in January of 2019, no one has been jailed for failure to pay their fines, fees, or costs. Sigler Dep. at 29:17 – 30:3 [Doc. 103-2]; Stat. of Thomas at ¶7 [Doc. 102-44]; 2d Stat. of Sigler at ¶4 [Doc. 112-5] ("I

have not incarcerated anyone for failure to pay their fines and costs since Judge Thomas took the bench in January of 2019."). Now, if a person appears at the costs docket who has not made a payment, Judge Sigler "give[s] them a new order-back date for a future costs review hearing." 1st Stat. of Sigler at ¶4 [Doc. 102-45]. At no time is a defendant incarcerated for failure to pay fines, fees, and costs without a full hearing. Stat. of Thomas at ¶¶ 4, 7 [Doc. 102-44]. District Judge Thomas has no intention of returning the Washington County District Court to the practices of former Judge DeLapp with respect to fines, fees, and costs. Stat. of Thomas at ¶8 [Doc. 102-44]. Plaintiffs have pointed to nothing indicating these policy changes are a sham or that they are not genuine. For these reasons, Defendants are entitled to summary judgment.

The statute of limitations should not be tolled in this case. That Plaintiffs alleged enough to survive a Motion to Dismiss with allegations taken as true does not resolve the issue in their favor on the merits. Plaintiffs have not and cannot point to any evidence in the record that any judge committed fraud or purposefully misled them or made specific false statements during the course of the criminal proceedings. There is no evidence, and it is not the case, that the judges prevented Plaintiffs from appealing the cost orders, the issuance or the warrants, or the arrests via warrant. Further, there is no evidence that the judge prevented or discouraged Plaintiffs from seeking advice of counsel that handled their criminal cases to ask questions or get information about the terms of their plea agreements and completion of their sentences. In addition, because the Plaintiffs' claims depend upon the invalidity of their judgments, their claims fail because *Heck* bars their Section 1983 claims. *See, e.g., Ariatti v. Edwards*, 171 Fed. App'x. 718, 719 n.2 (10th Cir. 2006) (finding section 1983 claims based on issuance of bench

warrant for failure to pay or appear on speeding ticket likely barred by *Heck*.). In *Graff v. Aberdeen Enterprizes, II, Inc.*, No. 17-CV-606-TCK-JFJ, 2021 WL 951017, at *11 (N.D. Okla. Mar. 12, 2021), the Court held that a § 1983 claim could not proceed where, if successful, it would necessarily undermine the imposed fees, fines and/or costs of the plaintiffs' plea agreements and criminal sentences. As the Court explained:

> Before Plaintiffs can 'recover damages' for alleged 'harm caused' by any denial of an inquiry into their financial ability to pay the underlying fines and costs . . . , they must 'prove that the ... sentence has been reversed on direct appeal' or 'declared invalid by a state tribunal authorized to make such a determination ...'. That is, Plaintiffs are required to show that they participated in, or requested, a Rule 8 hearing following the plea of guilty and court sentence; and/or that they were denied such a hearing on their ability to pay; and that the resulting fine and/or imprisonment was subsequently vacated, declared invalid or reversed by an Oklahoma tribunal. Plaintiffs cannot pursue a federal court lawsuit based on an alleged failure to provide them with a hearing on their ability to pay court imposed fines, costs and fees without a showing that they have taken advantage of available state court procedures and that their sentences have been reversed on direct appeal. This is true because success on the federal claims would render their sentences invalid.

Thus, under *Graff*, Plaintiffs cannot rely on fraud or invalidity in their plea agreements or sentences to avoid the statute of limitations or to otherwise support their § 1983 claims in any way.

In addition, Plaintiffs are not entitled to the relief they seek. As Judge Frizzel noted in his order on the Motion to Dismiss, the Federal Courts Improvement Act ("FCIA") is applicable in this case. The FCIA barred 42 U.S.C. § 1983 actions for injunctive relief against judges for actions taken in their judicial capacity unless a declaratory decree was violated or declaratory relief is unavailable.[1] Plaintiffs, in their Response, assert that because the public

[1] 42 U.S.C. § 1983 (amended Oct. 19, 1996 by P.L. 104–317, Title III § 309 (c, 110 Stat. 3853 ((providing a civil action for redress of federal civil rights "except that in any action brought

record of Ms. Feesntra's convictions for false personation to create liability and forgery of a court instrument, identity theft, and conspiracy, and Ms. Carter's conviction for attempted robbery with a weapon, including the revocation of her suspended sentence following probation violations, to which she stipulated, include docket entries noting Plaintiffs' non-compliance with the court's efforts to collect the duly imposed financial penalties of their convictions, they will continue to suffer injury which requires vacatur of the financial portion of their sentences and expungement of the collection efforts from their records. Ordering a judge, in a collateral action, to vacate or expunge portions of a criminal record, is in fact an order for affirmative action, or more precisely, an injunction.[2] The FCIA, therefore blocks this requested relief against these Defendants for these claims since there has been no allegation, and in fact it is not the case, that a declaratory judgment has been violated. Thus, under § 1983 itself, the federal statute on which Plaintiffs rely to assert their federal claims, injunctive relief is unavailable against the judicial defendants for these claims. In addition, vacatur would improperly "render their sentences invalid" under *Heck*. *See Graff v. Aberdeen*

---

against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

[2] Plaintiffs have never pled a due process claim based on reputational injury. However, even if they had, disclosure of negative information is not enough to raise a cognizable injury. *See Paul v. Davis*, 424 U.S. 693 (1976); *see also Shirvinski v. Coast Guard*, 673 F.3d 308, 315 (4th Cir. 2012) "A plaintiff must demonstrate that his reputational injury was accompanied by a state action that distinctly altered or extinguished his legal status." (internal quotation marks omitted); *Puricelli v. Borough of Morrisville*, 820 F. Supp. 908 (E.D. Pa. 1993), aff'd, 26 F.3d 123 (3d Cir. 1994) (disclosure of matters of public record cannot form the basis of an actionable § 1983 claim).

*Enterprizes, II, Inc.*, No. 17-CV-606-TCK-JFJ, 2021 WL 951017, at *11 (N.D. Okla. Mar. 12, 2021).

As for Plaintiffs' vacatur claim, not only is vacatur barred under § 1983 as injunctive relief, but for purposes of declaratory relief, it would be retrospective, and therefore improper. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. As interpreted by the Supreme Court, "[t]he Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). *Ex parte Young*, 209 U.S. 123 (1908), permits suits against state officials in their official capacity "seeking to enjoin alleged ongoing violations of federal law." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011).

To come under *Ex parte Young*, "the plaintiff must be '(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief.'" *Cressman v. Thompson*, 719 F.3d 1139, 1146 n. 8 (10th Cir. 2013) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012)). It is well established that official capacity "claims for . . . , monetary damages, and *retroactive declaratory relief* are barred by the Eleventh Amendment." *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004) (emphasis added). Specifically, "declaratory relief is not permitted under *Ex parte Young* when it would serve to declare only past actions in violation of federal law: retroactive declaratory relief cannot be properly characterized as prospective." *Roberts v. New York*, 911 F. Supp. 2d 149, 163-64 (N.D.N.Y. 2012) (citing in part *Green v. Mansour*, 474 U.S. 64, 74 (1985) (as "holding that a

request for a declaratory judgment holding that portions of a statute are unconstitutional is 'nothing more than an indirect way of forcing the State to abide by its obligations as they existed before the enactment of the Act and therefore, essentially a request for specific performance' and, thus, not permitted")). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (internal quotation marks and citation omitted). "It is true that a complaint must allege that the defendant is violating federal law, not simply that the defendant has done so." *NiGen Botech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Green v. Mansour*, 474 U.S. 64, 71-73 (1985)).

The Supreme Court has emphasized and explained this element's importance to this immunity exception:

> *Young*'s applicability has been tailored to conform as precisely as possible to those specific situations in which it is "necessary to permit the federal courts to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.'" *Pennhurst [State School and Hospital v. Halderman, 465 U.S. 89]*, supra, at 105, 104 S. Ct., at 910 [(1984)] (quoting *Young*, *supra* 209 U.S., at 160, 28 S. Ct., at 454). Consequently, *Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation. As we have noted: "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Green v. Mansour*, 474 U.S. 64, 68, 106 S. Ct. 423, 426, 88 L.Ed.2d 371 (1985) (citation omitted).

*Papasan v. Allain*, 478 U.S. 265, 277–78 (1986).

Plaintiffs at various times appeared before the court, sought various relief, and received various rulings granting some form of relief, either through reduction of payments, credits toward the balance, or suspension of payments. Some of these court appearance happened prior to this suit being filed and/or prior to substitution of the current Judicial Defendants. Therefore, Plaintiffs are requesting a retrospective declaration regarding how the discretionary rulings regarding the collection of outstanding criminal financial obligations were made. A declaratory judgment in this case about these judges' rulings and determinations after Plaintiffs' court appearances would not redress the alleged harm as it is retrospective. Stated another way, a declaratory judgment in this case would only state the Plaintiffs' rights had been violated in the past. Plaintiffs attempt to say the relief is prospective because they will continue to suffer the injury of the convictions and subsequent court efforts to affect satisfaction of the sentence are public records and available for review by *e.g.* potential employers. But this is too thin a reed upon which to rest an assertion of redressability, especially when the underlying criminal convictions are not and cannot be challenged. *See Puricelli v. Borough of Morrisville*, 820 F. Supp. 908 (E.D. Pa. 1993), aff'd, 26 F.3d 123 (3d Cir. 1994) (disclosure of matters of public record cannot form the basis of an actionable § 1983 claim).

**CONCLUSION**

Defendants pray that this Court enter an order granting their Motion for Summary Judgment and for any and all other such relief the Court deems just and proper.

Respectfully submitted,

s/ Devan A. Pederson

**STEFANIE E. LAWSON, OBA #22422**
**DEVAN A. PEDERSON, OBA #16576**
Assistant Attorneys General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
devan.pederson@oag.ok.gov
*Attorneys for Defendant State Judges*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2021, a true and correct copy of the foregoing instrument was sent via e-mail to the following:

J. Spencer Bryan
Steven J. Terrill
Bryan & Terrill Law, PLLC
3015 E. Skelly Dr., Ste. 400
Tulsa, OK 74105
sjterrill@bryanterrill.com
(918) 935-2777
*Attorneys for Plaintiffs*

Michael Lacovara
Lilia Vazova
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022
Michael.Lacovara@lw.com
Lilia.Vazova@lw.com
(212) 906-1200
*Attorneys for Plaintiffs*

Arthur Ago
John Fowler
Lawyers Committee for
Civil Rights Under Law
1500 K Street NW, Ste 900
Washington D.C., 20005
lwatson@lawyerscommittee.org
mbraden@lawyerscommittee.org
(202) 662-8340
*Attorneys for Plaintiffs*

Jon Williford
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
John.williford@oag.ok.gov
(405) 521-3921
*Attorney for Defendants OIDS and Sutter*

s/ Devan A. Pederson
**Devan A. Pederson**