**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA FEENSTRA; SHARONICA CARTER; and LONNIE FEENSTRA, <br><br>　　　　　Plaintiffs, <br>v. <br><br>JARED SIGLER, *et al.*, <br><br>　　　　　Defendants. | No. 19-cv-00234-GKF-FHM |

**JOINT STATUS REPORT**

**Jury Demanded**:　　☐ Yes　　☒ No

**I.　　Summary of Claims**:

　　　Plaintiffs bring this action for declaratory and injunctive relief due to Defendants' imposition and enforcement of fines, fees, and costs without consideration of ability to pay in violation of the United States and Oklahoma Constitutions, the law of Oklahoma and the rules of the Oklahoma Courts. These policies and practices have perpetuated the contemporary equivalent of a debtors' prison in Washington County, OK. Defendants are (1) Jared Sigler, Linda Thomas, and Russell Vaclaw, district court judges in Washington County, OK, in their official capacity (collectively, the "Judicial Defendants"); and (2) the Oklahoma Indigent Defense System, its executive director, and board of directors, in their official capacity (collectively, the "OIDS Defendants").

　　　Pursuant to Plaintiffs' operative Amended Complaint (Dkt. No. 66), Plaintiffs[1] bring the following claims:

　　　(1) Count I: failure to conduct ability to pay hearings at judgment and sentencing, in violation of OKLA. STAT., tit. 22, ch. 18, Rule 8.1 against Defendants Thomas and Vaclaw;

　　　(2) Count II: failure to provide notice and opportunity to be heard prior to arrest and detention in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 against Defendant Sigler;

　　　(3) Count III: punishment solely on the basis of poverty in violation of the Due Process and Equal Protection Clauses of the U.S. Constitution and 42 U.S.C. § 1983 against Defendant Sigler;

---

[1] Lonnie Feenstra is no longer a Plaintiff. Dkt. No. 82.

      (4) Count IV: denial of the right to counsel in violation of the assistance of counsel clause of the Sixth Amendment to the U.S. Constitution, the Equal Protection and Due Process Clauses of the Fourteenth Amendment in the U.S. Constitution and 42 U.S.C. § 1983 against the OIDS defendants;

      (5) Count V: denial of due process in violation of Article 2, § 7 of the Oklahoma Constitution against Defendant Sigler;

      (6) Count VI: failure to provide relief due to poverty and disability in violation of OKLA. STAT., tit. 22, ch. 18, Rule 8.5 against Defendant Sigler; and

      (7) Count VII: failure to conduct ability to pay hearings prior to incarceration for nonpayment in violation of OKLA. STAT., tit. 22, ch. 18, Rule 8.4 against Defendant Sigler.

1.     Claims to be Dismissed:

> On or about July 21, 2022, Plaintiffs and the OIDS Defendants reached a settlement to resolve all claims against the OIDS Defendants (the "OIDS Settlement"), and a Notice of Settlement was filed with the Court on August 19, 2022. *See* Dkt. No. 138. The implementation of the terms of the OIDS Settlement is ongoing. Pursuant to the terms of the Settlement, Plaintiffs expect to dismiss their claims against the OIDS Defendants with prejudice within one year of execution of the settlement agreement, *i.e.*, by July 21, 2023.

**II.**     **Summary of Defenses**:

> Plaintiffs and the OIDS Defendants have settled the claims against the OIDS Defendants. On August 19, 2022, the parties filed a Joint Notice of Settlement between Plaintiffs and OIDS Defendants with the Court, Dkt. No. 138. Therefore, the Motion for summary judgment by the OIDS Defendants, Dkt. No. 101, is moot.

> Judicial Defendants state that Oklahoma Court of Criminal Appeals Rule 8 does not confer a private right of action which is enforceable through a civil suit. Plaintiffs' rights have not been violated as all appropriate process is available, but Plaintiffs have not fully participated in the process. Plaintiffs, therefore, do not have standing to bring claims. Plaintiffs have received relief in the form of reduction in payment obligations. Any claims stemming from Plaintiffs' sentencing are time barred. Plaintiffs have not availed themselves of the existing adequate remedy at law. Under state law, a civil lawsuit against a judicial officer is not a proper mechanism for challenging alleged judicial error. There is no "ongoing" federal law violation as required to invoke the *Ex Parte Young* exception for official-capacity state actors sued under § 1983. Defendants are not "persons" under § 1983. Due to judicial officer changes and due to the 2022 amendments to 22 O.S. § 983 (effective July 1, 2023), Plaintiffs' claims are moot and/or prudentially moot.

1.     Defenses to be Abandoned:

> Defense based on *Heck v. Humphrey* will be abandoned given the Tenth Circuit opinion in Graff v. Aberdeen Enterprizes, II, Inc., 65 F.4th 500 (10th Cir. 2023).

**III.     Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

All parties have filed Motions for Summary Judgement that are fully briefed as of April 12, 2021.

(1) <u>Plaintiffs' Motion for Partial Summary Judgment</u> (Dkt. Nos. 103-04, filed February 22, 2021)

Plaintiffs seek summary judgment on all claims against the Judicial Defendants (Counts I-III and V-VII). Plaintiffs contend that the undisputed material facts before the Court, including documents produced by Defendants, the deposition testimony of the judges and clerks in Washington County, and the uncontroverted testimony of Plaintiffs, establish that there is no genuine dispute that the Judicial Defendants violated Plaintiffs' constitutional and statutory rights.

The Judicial Defendants' opposition to Plaintiffs' motion for summary judgment was filed on March 29, 2021 (Dkt. No. 112); Plaintiffs' reply in support of their motion was filed on April 19, 2021 (Dkt. No. 115). The motion is fully briefed and is pending as of April 19, 2021. Plaintiffs have not requested oral argument but welcome the opportunity to be heard if oral argument would be helpful to the Court.

(2) Judicial Defendants have filed a motion for summary judgment, which has been fully briefed. Dkt. No. 102.

- Judicial Defendants will supplement their MSJ to address statutory changes to 22 O.S. § 983, which will go in to effect in July 2023. The parties agree that the Judicial Defendants will be permitted to supplement their MSJ brief on the effect of the amendment to 22 O.S. § 983. Each side will file one brief each: the Judicial Defendants will file an opening brief and Plaintiffs will file an opposition. Both briefs will be limited to ten pages. The Judicial Defendants reserve their right to file a reply brief no longer than five pages if Plaintiff's response brief addresses matters beyond the scope of the opening brief. The parties propose the following schedule for this briefing: June 16, 2023 – deadline for Defendants' opening brief; July 7, 2023 – deadline for Plaintiffs' response brief; July 21, 2023 – deadline for Defendant's reply brief, if warranted.

**IV.     Stipulations:**

1.  Jurisdiction Admitted:     ☒ Yes     ☐ No (If no, explain.)

2.  Venue Appropriate:     ☒ Yes     ☐ No (If no, explain.)

3.  Facts:

The parties have not reached any factual stipulations. Each party's respective statement of relevant facts is set forth in the parties' summary judgment briefing.

4. Law:

Each party's legal positions are set for the in the summary judgment briefing.

V. **Proposed Deadlines:**

| | |
|---|---|
| Supplement to Defendants' MSJ to be filed by: | June 16, 2023 |
| Response: | July 7, 2023 |
| Reply (if warranted): | July 21, 2023 |

VI. **Fed. R. Civ. P. 26(f) Discovery Plan**

Discovery has been completed and does not need to be reopened.

VII. **Anticipated Dispositive Motions?**

☒ Yes (If yes, describe.) Plaintiffs and Judicial Defendants have pending motions for summary judgment. Per the deadlines in V, *supra.*, Judicial Defendants will supplement their motion to reflect changes to 22 O.S. § 983 which will go into effect on July 1, 2023. **The opening and response briefs will be limited to ten pages. The reply brief (if warranted) will be limited to five pages.**
☐ No

VIII. **Do all parties consent to trial before the assigned magistrate judge?**   ☐ Yes   ☒ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX. **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**   ☐ Yes   ☒ No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X.    Settlement Plan** (Check one):

☐ Settlement Conference Requested After:

Describe Settlement Judge Expertise Required, If Any:

☐ Private Mediation Scheduled On:

☐ Other ADR (Explain):

☐ ADR Appropriate:
   ☐ Yes
   ☒ No (If no, explain.)

   ADR is inappropriate. A prior judicial settlement conference did not result in resolution.

Copy of the Court's ADR Booklet Provided to Clients as Required?

| | | |
|---|---|---|
| Plaintiffs: | ☒ Yes | ☐ No |
| Defendants: | ☒ Yes | ☐ No |

**XI.   Does this case warrant special case management?**
☐ Yes (If yes, explain.)
☒ No

**XII.  Do the parties request that the Court hold a scheduling conference?**    ☐ Yes    ☒ No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII. Estimated Trial Time:** Seven days

Attorney for Plaintiff   (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

- J. Spencer Bryan, OBA No. 19419, Bryan & Terrill Law, PLLC, 2500 S. Broadway, Suite 122, Edmond, OK 73013; Phone/Fax: (918) 935-2777; jsbryan@bryanterrill.com
- Steven J. Terrill, OBA No. 20869, Bryan & Terrill Law, PLLC, 2500 S. Broadway, Suite 122, Edmond, OK 73013; Phone/Fax: (918) 935-2777; sjterrill@bryanterrill.com
- Lilia B. Vazova *(admitted pro hac vice)*, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020; Phone: (212) 906-1200; Fax: (212) 751-4864; lilia.vazova@lw.com
- Matthew Salerno (*pro hac vice* forthcoming), Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020; Phone: (212) 906-1200; Fax: (212) 751-4864; matthew.salerno@lw.com

- Arthur Ago *(admitted pro hac vice)*, Lawyers Committee for Civil Rights Under Law, 1500 K Street NW, Ste. 900, Washington, D.C. 20005; Phone: (202) 662-8352; Fax: (202) 783-0857; aago@lawyerscommittee.org

Read and Approved by:

*/s/ Devan A. Pederson*
DEVAN A. PEDERSON, OBA #16576
STEFANIE E. LAWSON, OBA #22422
Assistant Attorney General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:	(405) 521-3921
Facsimile:	(405) 521-4518
Email:  devan.pederson@oag.ok.gov
	Stephanie.lawson@oag.ok.gov
*Attorney for Defendant State Judges*


*/s/ Erin M. Moore*
ERIN M. MOORE, OBA #16576
Assistant Attorney General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:	(405) 521-3921
Facsimile:	(405) 521-4518
Email: erin.moore@oag.ok.gov
*Attorney for Defendants Oklahoma Indigent Defense System, State of Oklahoma ex rel. Oklahoma Indigent Defense System, Charles Laughlin and Oklahoma Indigent Defense System Board of Directors*


*/s/ Lilia B. Vazova*
LILIA VAZOVA (admitted pro hac vici)
(Signed by Pederson with Vazova's permission)
LATHAM & WATKINS LLP
1271 Avenue of the Americas New York NY 10020-4864
Telephone:	(212) 906-1200
Facsimile:	(212) 751-4864
Email:  lilia.vazova@lw.com
*Attorney for Plaintiffs Amanda Feenstra and Sharonica Carter*