IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA FEENSTRA; SHARONICA CARTER; and LONNIE FEENSTRA<br><br>         Plaintiffs,<br><br>v.<br><br>JARED SIGLER, Special Judge of the District Court of Washington County, in his official capacity, *et al.*,<br><br>         Defendants. | Case No.: 19-cv-234-JFH-CDL<br><br>(Removed from Washington County Case No. CV-2019-12) |

**DEFENDANT STATE JUDGES' SUPPLEMENT IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendant State Judges, by and through their attorneys of record, Assistant Attorneys General Stefanie E. Lawson and Devan A. Pederson, and file this Supplement to their pending Motion for Summary Judgment. [Doc. 102].

This case was filed in 2019 and the Summary Judgment briefing was concluded in April 2021. In the intervening years, the Oklahoma Legislature amended the statute which largely governs the procedures for collecting court costs, fines, and fees imposed pursuant to criminal conviction. *See* COURT FINANCIAL OBLIGATIONS, 2023 Okla. Sess. Law Serv. Ch. 247 (H.B. 2259) (WEST) (amending 22 O.S. § 983), attached hereto as Exhibit 1. The amended statute mandates additional layers of procedure designed to benefit convicts whose sentences include financial obligations imposed by the court or otherwise required by law to be paid. The newly codified procedures are, in many ways, more comprehensive than those already put in place by Defendants. The procedures in place at the time the Motion was filed included notices to criminal defendants during sentencing and immediately after:

  37.  The current Washington County District practices relating to fines, fees, and costs are as follows:

>   (b)     In large part, fines, fees, and costs are assessed by the Court based upon an all-inclusive plea agreement between the Defendant and the State of Oklahoma. The imposition and payment of fines, fees, and costs is part of the plea agreement to which the Defendant agrees. Each defendants signs a Plea of Guilty of Summary of Facts after reviewing same with their attorney. The Plea Summary includes specific language notifying defendants of their obligations and Rule 8 requirements.
>   (c)     In cases where a Defendant is sentenced to a period of incarceration without a plea agreement (blind plea or jury verdict), the Court questions the Defendant regarding his/her ability to pay, and his/her present and/or projected ability to pay, then imposes the appropriate fine, fees and costs. If a Defendant is incarcerated in the county jail, he/she is ordered to appear before the Cost administrator within 2 business days of his/her release to enter into a payment agreement at which time the monthly installment payment is set at an amount of the Defendant's choosing. If a Defendant is incarcerated in the Oklahoma Department of Corrections, he/she is ordered to appear before the Costs Administrator on the 181st day (or first business day thereafter) after his/her release from imprisonment to enter into a payment agreement at which time the monthly installment payment is set at an amount of the Defendant's choosing. The Judgment and Sentence, a copy of which the Defendant receives, also contains language which notifies defendants of their obligations and Rule 8 requirements.
>   (d)     At the time of every sentencing hearing and while the Defendant is still in court, he/she is verbally and in writing ordered to appear back in court for a fines and costs review hearing. In addition, the Defendant is given written notice of his/her right to a Rule 8 hearing. The Defendant receives a brightly colored leaflet titled RULE 8 NOTICE OF HEARING, advising him/her of the right to a Rule 8 hearing. The Defendant is also verbally advised by the Court that if his/her financial situation substantially or permanently changes for any reason in the future to the extent that payment of fines, fees, and costs imposes a financial hardship, he/she has the right to request a Rule 8 hearing. The form entitled, MOTION FOR RULE 8 HEARING ON INABILITY TO PAY FINES AND/OR COSTS, is provided to the Defendant upon request. Upon request, a Rule 8 hearing will be set on a date and time certain. Upon presentation of the appropriate information to the Judge, the Judge makes a determination of the Defendant's ability to pay and will modify the payment plan, as warranted, in accordance with all applicable Oklahoma law.

(MSJ ¶37b-d)[Doc. 102](internal citations to exhibits omitted);

A courtesy letter is then sent notifying criminal defendants of missed payments and/or hearing:

>   (g)     If the Defendant fails to make his/her monthly payment AND fails to appear for the fines and costs review hearing as previously ordered, the Costs

> Administrator sends a one-time courtesy letter to the Defendant at his/her address listed with the Cost Administrator. This letter advises the Defendant that he/she failed to appear as ordered, and directs the Defendant to call the Cost Administrator to obtain a new court date, at which time the Defendant must appear before the Judge. If the Defendant does not call as directed or if he/she fails to appear as ordered at the subsequent hearing, a FAILURE TO APPEAR warrant is issued. A bond in the amount of $50 is set on the FAILURE TO APPEAR warrant. If the Defendant is picked up and incarcerated on the FAILURE TO APPEAR warrant and if he pays the $50 bond, that payment goes toward satisfaction of the remaining balance of his/her fines, fees, and costs. If the Defendant does not pay the bond, he/she receives $25 credit per day served, is released after serving two days in jail, and also receives $50 credit towards satisfaction of the remaining balance of his/her fines, fees, and costs.

MSJ (¶37g) [Doc. 102](internal citations to exhibits omitted).

Then if there is still no contact, a warrant may be issued. *Id*.

The amended statute requires additional mandatory procedures pertinent to Plaintiffs' claims and requested procedural relief:

Notice of the financial obligations and availability of a cost hearing by the Court:

> C. 1. At the time of a plea or sentencing, the court shall inform the defendant of the total court financial obligations owed, the consequences of failing to pay the court financial obligations, and that the defendant may request a cost hearing if at any time he or she is unable to pay the court financial obligations, at which point the court may waive all or part of the debt owed. If the total amount of court financial obligations owed is not available at the time of the plea or sentencing, the court shall inform the defendant that court financial obligations have been incurred and the time and location where the defendant may learn of the total amount owed.
> 2. The court shall order the defendant to appear immediately after sentencing at the office of the court clerk to provide current contact information and to either select payment terms or request a cost hearing. Failure to immediately report to the court clerk shall result in the full amount of court financial obligations to be due thirty (30) days from the date of the plea or sentencing in district courts or thirty (30) days from the date of the plea or sentencing in municipal courts.
> 3. Payment of court financial obligations may be made under the following terms:
>    a. payment in full, or
>    b. payment in installments.

> Upon any change in circumstances affecting the ability of a defendant to pay, a defendant may request a cost hearing before the court by contacting the court clerk.

22 O.S. § 983(C) (effective Nov. 1, 2023).

A Summons to be issued if a defendant becomes delinquent:

> 2. The court clerk shall periodically review cases for delinquency at least once every six (6) months and, upon identifying a delinquent defendant, notify the court which shall, within ten (10) days thereafter, set a cost hearing for the court to determine if the defendant is able to pay. The cost hearing shall be set within forty-five (45) days of the issuance of the summons. The hearing shall be set on a date that shall allow the court clerk to issue a summons fourteen (14) days prior to the cost hearing. Defendants shall incur no additional fees associated with the issuance of the summons.

22 O.S. §983(G)(2) (effective Nov. 1, 2023); and then a cost cite and release warrant or a cost arrest warrant may be issued if the summons is ignored:

> 4. The district court for each county and all municipal courts shall provide a cost hearing for any defendant upon request, either by establishing a dedicated docket or on an as-requested basis. A defendant who requests a cost hearing will receive a summons by personal service or by United States mail to appear in court as required by subsection G of this section. If a defendant fails to appear for a requested cost hearing, the court may issue either a cost cite and release warrant or a cost arrest warrant. No fees shall be assessed or collected from the defendant as a consequence of either requesting a cost hearing or the issuing of a cost cite and release warrant.

22 O.S. §983(C)(4) (effective Nov. 1, 2023).

The changes Judge Thomas voluntarily implemented to more fully comport with Rule 8's procedural protections, e.g., make defendants explicitly aware of repayment options and procedures, including more robust notice on plea forms, separate explanations of the process available at the courthouse, and reminder notices available at every court appearance, have now been largely codified by the legislature. The statute includes recommended language for the

4

summons and requires the Court of Criminal Appeals to promulgate forms to gather financial information and explain the process and obligations.

22 O.S. §983(G)(3) states:

> 3. At least fourteen (14) days prior to the cost hearing, the court clerk shall issue one summons to the defendant to be served by United States mail to the mailing address of the defendant on file in the case, substantially as follows:
> SUMMONS
> You are ORDERED to appear for a COST HEARING at a specified time, place, and date to determine if you are financially able to pay the fines, costs, fees, or assessments or an installment due in Case No._____.
> YOU MUST BE PRESENT AT THE HEARING.
> At any time before the date of the cost hearing, you may contact the court clerk and pay the amount due or request in writing or in person prior to the court date, that the hearing be rescheduled for no later than thirty (30) days after the scheduled time.
> THIS IS NOT AN ARREST WARRANT. However, if you fail to appear for the cost hearing or pay the amount due, the court will issue a WARRANT and refer the case to a court cost compliance liaison which will cause an additional administrative fee of up to thirty-five percent (35%) to be added to the amount owed and may include additional costs imposed by the court.

And §983(D) & (M):

> D. In determining the ability of the defendant to pay court financial obligations, the court may rely on testimony, relevant documents, and any information provided by the defendant using a cost hearing affidavit promulgated by the Court of Criminal Appeals. In addition, the court may make inquiry of the defendant and consider any other evidence or testimony concerning the ability of the defendant to pay.
>
> M. The Court of Criminal Appeals shall implement procedures and rules for implementation of the requirements of this section. Such procedures, rules, and any supplemental forms may be made available by the Administrative Office of the Courts.

Further, the new statute mandates the specific factors that the court must consider and those that the court must not consider in determining ability to pay:

> B. 1. Except in cases provided for in Section 983b of this title, when the judgment and sentence of a court, either in whole or in part, imposes court financial obligations upon a defendant, the court at the time of sentencing may immediately, or at any point thereafter until the debt is either paid or waived, determine the ability

5

of a defendant to pay the court financial obligations. The court may make such determinations at a cost hearing or upon written motion or affidavit by the defendant. The ability of a defendant to pay court financial obligations may not impact the sentence imposed.
2. Defendants with court financial obligations who are found by the court to be unable to pay, in whole or in part, shall be relieved of the debt by the court through a hardship waiver of the court financial obligations, either in whole or in part.
3. In determining the ability of a defendant to pay, the court shall consider the following factors:
a. individual and household income,
b. household living expenses,
c. number of dependents,
d. assets,
e. child support obligations,
f. physical or mental health conditions that diminish the ability to generate income or manage resources,
g. additional case-related expenses to be paid by the defendant, and
h. any other factors relevant to the ability of the defendant to pay.
4. In determining the ability of a defendant to pay, the following shall not be considered as income or assets:
a. child support income,
b. any monies received from a federal, state, or tribal government need-based or disability assistance program, or
c. assets exempt from bankruptcy.
5. Defendants in the following circumstances are presumed unable to pay and eligible for relief under paragraph 2 of this subsection:
a. designated as totally disabled by any federal, state, or tribal disability services program including but not limited to military disability, Social Security Disability Insurance, Supplemental Security Income, or tribal disability benefits,
b. receives support from the Temporary Assistance for Needy Families program, Supplemental Nutrition Assistance Program, the Special Supplemental Nutrition Program for Women, Infants, and Children nutrition education and supplemental food program, or any other federal need-based financial support,
c. receives subsidized housing support through the Housing Choice Voucher program, the United States Department of Housing and Urban Development, or other state, local, or federal government housing subsidy program, or
d. total income is below one hundred fifty percent (150%) of the federal poverty level.

22 O.S. § 983(B) (effective Nov. 1, 2023).

Even if it were the case, as Plaintiffs have alleged, that the processes implemented when Judge Thomas took the bench do not moot this action under the voluntary cessation doctrine, the

amendment to the relevant statute that memorializes a substantially similar procedure surely must. Given the amendments to §983, the fear that a change in administration in Washington County could cause a reversion to the pre-Thomas procedures is completely unfounded. Furthermore, there is no voluntary cessation exception to mootness when there is an intervening legislative action creating the mootness. Any allegation that the Judicial Defendants will not comply with the amended statute when dealing with these Plaintiffs would be purely speculative, especially considering Plaintiff Feenstra has had her outstanding obligations waived and Plaintiff Carter is awaiting a hearing for determination of same (before a judge outside Washington County). Should Plaintiffs ever again be delinquent on court imposed financial obligations, the procedures codified by 22 O.S. §983 going in to effect on November 1, 2023 requires just the sort of procedures Plaintiffs claim they were unlawfully denied. Summary Judgment should be granted in favor of the Judicial Defendants.

## CONCLUSION

Defendants pray that this Court enter an order granting their Motion for Summary Judgment and for any and all other such relief the Court deems just and proper.

Respectfully submitted,

s/ Devan A. Pederson
**DEVAN PEDERSON, OBA #16576**
**STEFANIE LAWSON, OBA #22422**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Devan.pederson@oag.ok.gov
Stefanie.lawson@oag.ok.gov
*Attorney for Defendant State Judges*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 16th day of June, 2023, I electronically transmitted the attached document to the Clerk of the Court for filing, and for notice of filing to the following registered users, using the ECF Filing System.

Erin Moore
J. Spencer Bryan
Steven J. Terrill
Arthur Ago
Lilia Vazova

   s/ Devan Pederson
**Devan Pederson**