IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA FEENSTRA; SHARONICA CARTER; and LONNIE FEENSTRA<br><br>Plaintiffs,<br>v.<br><br>JARED SIGLER, Special Judge of the District Court of Washington County, in his official capacity, *et al.,*<br><br>Defendants. | Case No.: 19-cv-234-JAR-CDL |

**DEFENDANT STATE JUDGES' REPLY IN SUPPORT OF THEIR
SUPPLEMENT TO THEIR MOTION FOR SUMMARY JUDGMENT**

Defendant State Judges, by and through their attorneys of record, Assistant Attorneys General Stefanie E. Lawson and Devan A. Pederson, file this Reply to Plaintiffs' Response and state. [Doc. 149].

Plaintiffs respond to Defendants' Supplement to their Motion for Summary Judgment with assertions that the amendment to the governing statute is insufficient on its face and regardless, there is no guarantee that Defendant State Judges will adequately comply with the amendments. Plaintiffs further assert that they maintain a cognizable interest in the outcome of the litigation even if § 983 amendments are sufficient for future criminal defendants.

Both Plaintiffs have now been relieved of the financial obligations imposed pursuant to their criminal convictions after participating in the Rule 8 and Sec. 983 process, even before the amendment goes into effect. *See* ¶11, Def. State Judges MSJ [Doc. 102] (A. Feenstra granted full waiver in December 2020); *State v. Carter* YO-

2011-01 *Washington County Docket*, attached as Exhibit 1 (Motion for warrant recall and Rule 8 hearing May 17, 2023, warrant recall June 22, 2023, recall returned July 5, 2023); *see also Order* granting waiver of outstanding financial obligations, attached as Exhibit 2. These Plaintiffs are individuals and are not representing a class. Only prospective relief is potentially available against these judicial Defendants for these claims, and Plaintiffs no longer owe anything to satisfy their sentences. The party requesting relief must "demonstrate a good chance of being likewise injured in the future." *Id.* (quoting *Beattie*, 949 F.2d at 1093). "If an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed." *Id.* (quoting *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997)). Plaintiffs' claims are moot.

As explained more fully in previous summary judgment briefing, there is no support for Plaintiffs' contention that the cost-collection procedures are constitutionally deficient simply because the onus is on the court debtor to request review of her circumstances and seek relief from those obligations. Nor is there support for the claim that Rule 8 confers a separate, actionable claim for relief beyond possible grounds for an appeal. There is no presumption of indigence by virtue of failing to make court-ordered payments. The court debtor bears the burden of showing indigence because she is in the unique position of possessing the pertinent information. *Winbush v. State,* 2018 OK CR 38 at ¶¶7, 11 ("it is not 'inequitable, oppressive, or substantially prejudicial' to place the burden of proof on the defendant when the State cannot viably bear the burden because, if such facts exist, they are

"'peculiarly within [the defendant's] knowledge, and could be easily susceptible of proof by him.'") (*quoting Tollet,* 387 P.3d 917). The amended statute now requires less coercive means than a bench warrant to alert a debtor that the court requires an explanation. As has always been the case, no debtor, however, is required to wait until the court summons her to explain or seek relief. Even if Plaintiffs' outstanding financial obligations had not been waived by the court following Plaintiffs' active participation in the available procedures, the amendment to § 983 moots these claims.

## CONCLUSION

Defendants pray that this Court enter an order granting their Motion for Summary Judgment and for any and all other such relief the Court deems just and proper.

Respectfully submitted,

/s/Stefanie E. Lawson
**STEFANIE E. LAWSON, OBA#22422**
**DEVAN A. PEDERSON, OBA#16576**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK   73105
Telephone:  (405) 521-3921
Facsimile:  (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
          devan.pederson@oag.ok.gov
*Attorneys for Defendants Sigler, Gerkin and DeLapp*

## CERTIFICATE OF MAILING

      I hereby certify that on this 2st day of July 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and via the ECF System to all counsel of record who are ECF registrants:

                        /s/Stefanie E. Lawson
                        Stefanie E. Lawson