IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA FEENSTRA; SHARONICA CARTER; and LONNIE FEENSTRA<br><br>Plaintiffs,<br><br>v.<br><br>JARED SIGLER, Special Judge of the District Court of Washington County, in his official capacity, *et al.*,<br><br>Defendants. | Case No.: 19-cv-234-JAR-CDL |

**DEFENDANT STATE JUDGES'**
**MOTION AND BRIEF IN SUPPORT OF BILL OF COSTS**

Pursuant to 28 U.S.C. § 1919, Defendants Special Judge Jared Sigler, District Judge Linda Thomas, and Associate District Judge Russell Vaclaw, all in their official capacities, (collectively, "State of Oklahoma," or "the State"),[1] respectfully move for the recovery of "just costs." Plaintiffs filed their original Petition ([Doc. 3-1]) on March 21, 2019 in the District Court of Washington County seeking declaratory and injunctive relief for violations of the United States and Oklahoma Constitutions, the law of Oklahoma and the rules of the Oklahoma Courts. The State removed the action to this Court on May 3, 2019 due to Plaintiffs' federal claims. [Doc. 3]. Plaintiffs filed an Amended Complaint on January 31, 2020. [Doc. 66]. The State filed its Motion for Summary Judgment on February 22, 2021. [Doc. 102]. Plaintiffs filed their response on March 29, 2021, and the State

---

[1] The real party in interest in an official-capacity suit is the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

replied on April 12, 2021. [Docs. 110 and 114]. Further, Plaintiffs filed a Motion for Partial Summary Judgment and Corrected Motion for Partial Summary Judgment on February 23, 2021. [Doc. 103-104]. The State responded on March 29, 2021, and Plaintiffs replied on April 19, 2023. [Docs. 112 and 115]. On September 7, 2023, the Court granted Summary Judgment in favor of the State on all of Plaintiffs' federal claims and remanded the state-law claims to state court. [Doc. 154].

Title 28 U.S.C. § 1920[2] permits the Court to award costs to the prevailing party in a civil rights lawsuit. In pertinent part, the statute permits the recovery of the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

When a district court enters judgment in favor of a defendant on the federal claims in an action and remands the state-law claims to state court, the defendant is the prevailing party for purposes of a federal-court costs application. *Johnson v. Bd. of Cnty. Commissioners of Cnty. of Wagoner*, 623 F. Supp. 3d 1233 (E.D. Okla. 2022). Here, the

---

[2]Although this costs request is brought under 28 U.S.C. § 1919, "the standards applied under § 1920 are helpful" in interpreting § 1919. *Callicrate v. Farmland Indus.*, Inc., 139 F.3d 1336, 1339 (10th Cir. 1998).

State's list of costs includes only items necessarily obtained for use in the case by Defendants Special Judge Jared Sigler, District Judge Linda Thomas, and Associate District Judge Russell Vaclaw, in their official capacities. Here, all depositions for which costs are requested were related to an issue present in the case at the time the deposition was taken. The costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under 28 U.S.C. § 1920. *Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1339 (10th Cir.1998); *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir.1997) (holding the district court properly taxed costs of transcripts that were used by the court in ruling upon a motion for summary judgment).

Defendants purchased the following deposition and hearing transcripts in preparation for the trial of this matter, some of which were used in the summary judgment pleadings filed by Plaintiff and/or Defendant:

| | |
|---|---|
| Transcript of Hearing on Motions to Dismiss before Judge Frizzell | $ 80.10 |
| Deposition transcript of Sharonnica Carter | $ 1,247.52 |
| Deposition transcript of Curtis DeLapp | $ 655.54 |
| Deposition transcript of Jared Sigler | $ 488.57 |
| Deposition transcript of Linda Thomas | $ 271.54 |
| Deposition transcript of Amanda Feenstra | $ 1,233.34 |
| Deposition transcript of Haylee Lawrence | $ 185.21 |
| **TOTAL:** | **$ 4,161.82** |

The purchase of these transcripts and records was reasonably necessary for litigation. All but two of the depositions for which transcripts were purchased were taken by Plaintiffs.[3] as these were the depositions requested by Plaintiff, depositions of Plaintiff and other key witnesses to the allegations in this matter, and some were used in the summary judgment motion, response to Plaintiffs' motion for partial summary judgment and reply.

The taxing of costs lies within the sound discretion of the court. *Callicrate v. Farmland Industries, Inc.,* 139 F.3d 1336, 1339 (10th Cir. 1998). In *Callicrate*, the court added:

> [T]hough use at trial by counsel or the court demonstrates necessity, if material or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award recovery of costs.

Courts have awarded deposition costs where the deposition was "was related to an issue which was present in the case at the time the deposition was taken." *Indep. Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 718 (N.D. Ill. 1982). In this case, the Court granted Defendant State Judges' Motion for Summary Judgment in its entirety as to the federal claims and remanded the state-law claims to state court. The Court's ruling is preclusive as to the federal claims. That is, the federal claims cannot be resurrected on remand to the state court. The costs incurred by Defendant State Judges were necessary and reasonable.

## CONCLUSION

---

[3]The State took the depositions of Plaintiffs Carter and Amanda Feenstra. The other depositions were initiated and taken by Plaintiffs.

For the above stated reasons, the State respectfully requests the Court award it costs in the amount of $4,161.82 pursuant to 28 U.S.C. § 1919.

Respectfully submitted,

s/Devan A. Pederson
**STEFANIE E. LAWSON, OBA#22422**
**DEVAN A. PEDERSON, OBA#16576**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK   73105
Telephone:   (405) 521-3921
Facsimile:   (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
         devan.pederson@oag.ok.gov
*Attorneys for Defendants Sigler, Gerkin and DeLapp*

## CERTIFICATE OF MAILING

I hereby certify that on this 21st day of September 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and via the ECF System to all counsel of record who are ECF registrants:

s/Devan A. Pederson
Devan A. Pederson